INGRAM vs. MARSHALL ET AL.

The jury are the proper judges of the effect of testimony, and of the weight to be given to it in sustaining any proposition; and an instruction which undertakes to say what weight shall be given to evidence, is erroneous.

Although an instruction may be erroneous, yet if, upon the whole record, the appellant was not injured by the ruling of the court, the judgment will not be reversed.

*Appeal from Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for appellant.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

The appellant, with another person, made a note to A. H. Moffit, or bearer, on which the appellees brought an action of assumpsit against the appellant. He pleaded that the note and two hundred dollars in cash were given to Moffit for eleven horses and four mules, that were warranted by Moffit to be sound, that four of the horses and one mule were unsound, which in the sale were rated at one hundred and fifty dollars each, by which means the consideration of the note to the amount of seven or eight hundred dollars had failed.

After proof by the defendant in support of this plea, the plaintiffs, to rebut it, proved by Tatum that upon presentation of the note to the defendant, he stated that he had an off-set to it of one hundred and twenty-five dollars, and that he would pay the note when it should become due, lessened by the amount claimed to be deducted.

The court instructed the jury, at the request of the plaintiffs, that if the defendant, in full possession of the facts of the unsoundness of the horses, agreed to pay the note, except one hundred and twenty, or one hundred and twenty-five dollars, they must find against him to that amount; to which, the defendant objected.

The court also refused to instruct the jury, as asked by the defendant, that if they believed the admission of the defendant to Tatum, was merely a proposition to compromise, they might disregard it, or give it such weight as they should think proper, or that, at most, it was but evidence to be considered with other evidence.

Although we think there is no reason to impute to the conversation of the defendant with Tatum, the character of a pro-

position for a compromise, the jury were the proper judges of the effect of the testimony, and should they regard it as such a proposition, the consequence contained in the instruction would follow, in the jury giving it such weight as the meaning that seemed proper to them should require. And the instruction given on the part of the plaintiff seems to approach the line of instructing the jury what weight to give to evidence.

This instruction of the court, and its refusal to instruct, though only slightly erroneous, might call upon us to reverse the judgment, upon the defendant's motion for a new trial, did it not appear from an examination of the whole record that the defendant was not injured by these rulings of the court.

Upon the plea of breach of warranty, which was the one upon which the defendant introduced evidence of the unsoundness of the four horses and of the mule, the defendant proved his loss upon these animals. In the estimate by us, each of the eleven horses and five mules is taken to have cost one-fifteenth of fourteen hundred dollars, that being their aggregate price in the sale by Moffit. The plea alleges that the unsound horses and mule were estimated in the trade at one hundred and fifty dollars each, but there is no proof of this; and it does not seem reasonable that, among horse dealers, the five animals that proved to be unsound were rated at one hundred and fifty dollars each, while the ten sound ones were counted at eighty dollars a head. On this mode of computation, the defendant lost about one hundred and thirty-eight 33-100 dollars; that is, about sixty-five and a third dollars on the fine looking sorrel horse sold to the defendant's brother, about fifty-six and two-thirds dollars on the two horses sold to Bradly, and about eighteen and a third dollars on the mule. Taking out of this the profit of forty or forty-seven dollars, the defendant made on the horse swapped to Richardson, and he seems to have had better success than his evidence required, when the jury reduced the verdict from the amount due on the note, about twelve hundred and forty-six dollars, to the sum found, one thousand and eighty-eight 30-100 dollars.

The defendant could not ask for a new trial, but to be relieved from an injurious verdict, and such an one has not been inflicted upon him.   Judgment affirmed.