PAVING DISTRICT NO. 5, CITY OF FORT SMITH *v.* FERNANDEZ.

Opinion delivered June 21, 1920.

1.  COSTS—WHEN CHARGED AGAINST FUND.—In a suit against a paving district for benefit of plaintiffs and other taxpayers in the district, to wind up its affairs and distribute a surplus, it was proper for the court to charge the costs of the litigation against the fund, except in so far as the court had decreed otherwise on a former appeal.

2.  COSTS—APPORTIONMENT IN EQUITY.—Costs in equity are apportioned according to what the court regards as the applicable equitable principle.

3.  MUNICIPAL CORPORATIONS — PAVING DISTRICT — DISTRIBUTION OF FUNDS.—The court, trying a suit of a property owner in a paving district on behalf of himself and other taxpayers to wind up its affairs and distribute a surplus, did not abuse its discretion in ordering a distribution, though a few assessments remained uncollected, where the cost of collection would practically equal the

sum to be collected, and where the court retained control until all equities should be adjusted.

4. MUNICIPAL CORPORATIONS—PAVING DISTRICT—DISTRIBUTION OF SURPLUS.—Since the trial court had authority to compel the commissioners of a paving district to distribute a surplus, it was unnecessary to appoint a receiver for that purpose.

5. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—DISTRIBUTION OF SURPLUS.—Where a surplus remains in the hands of the commissioners of an improvement district after completing the improvement, such surplus should be distributed among those property owners who paid the last assessment.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; modified and affirmed.

*A. A. McDonald,* for appellants.

1. This is the second appeal in this case. See 142 Ark. 21. The opinion in that case is the law of this, and it was error to charge all the costs of the litigation against the fund to be distributed.

2. The court's order of distribution was prematurely made, as certain delinquent assessments remain uncollected. The chancery court had jurisdiction over the commissioners and the funds in question, and the commissioners have authority to collect delinquent assessments, and the order of distribution was premature.

*Covington & Grant,* for appellee.

1. The law of this case is settled by the first appeal. 142 Ark. 21.

2. The costs in chancery cases do not follow the decree as at law, are not adjudged against the losing party, but are in the discretion of the chancellor. 66 Ark. 7; 125 *Id.* 337; 65 *Id.* 543. The judgment of this court on the former appeal does not hold appellee liable individually for the costs, nor does it hold that they should be paid out of the funds, and this court has not settled the question of costs, and the chancellor was not precluded from taxing the costs against the funds of the district. 106 Ark. 295. The former decision of this court is the

law of this case.  124 Ark. 458.  There was no error as
to costs; they were properly decreed to be paid out of the
funds of the district.  All other questions raised by ap-
pellants are settled by this court on the former appeal,
and by the court below on filing the mandate and in ac-
cordance with the decision of this court.  When equity as-
sumes jurisdiction for one purpose, it will retain it until
it has completely adjudicated all the rights of the parties
before it.  92 Ark. 15.  The questions raised by appel-
lants are abstract, and this court should not answer them
now.  69 Ark. 245.  There are no errors in the decree.

SMITH, J.  This appeal is a continuation of a con-
troversy between appellee Fernandez, a citizen and tax-
payer of Paving District No. 5 of Fort Smith, and that
district, reported in 142 Ark. 21.

As appears from the statement of facts in that case,
Fernandez brought suit to compel the commissioners of
the district to account for and to distribute among the
property owners of the district a surplus remaining in
the hands of the commissioners after completing the im-
provement and discharging the indebtedness of the dis-
trict.  Upon motion of Fernandez the court appointed
a receiver to wind up the affairs of the district and to
execute the orders of the court in that behalf.  We held
there that there was neither necessity nor authority for
that action and reversed the decree on that account, as,
in our opinion, the commissioners, as such, were amen-
able to the orders of the court.

Upon the remand of the cause the court below en-
tered an elaborate decree winding up the affairs of the
district.  Among other things it was there required that
the commissioners should file a final report showing in
detail the condition of the district's finances.  The de-
cree provided for notice to be given to the property own-
ers that the fund was about to be disbursed, to the end
that any property owner who so desired might be spe-
cially heard.  The decree provided that all the costs in
the case should be paid out of the fund, and that the net

balance should be distributed among the persons who had paid the last assessment, the direction in that respect being that the commissioners "will fix it at such sum whose ratio to the original sum paid in by him shall be in the exact ratio of said last named sum to the whole net surplus to be distributed."

This net surplus to be distributed will probably exceed $20,000 after all costs have been paid, and while it grew out of the last assessment paid by the property owners the excess exists because of a reduction in the interest on the bonded indebtedness accomplished by the commissioners.

The first objection made to the decree is that the court charges all the costs of the litigation against the fund to be distributed. The opinion and decree on the former appeal is the law of the case, and in the mandate which went down to the court below it was "ordered and decreed that said appellants (the paving district) recover of appellee all their costs in this court expended, and have execution therefor." In the decree of the court below pronounced upon this mandate it was "ordered that all costs incurred by the plaintiff (Fernandez) in this court, and in the Supreme Court, including the costs by the Supreme Court adjudged against him in favor of defendants on appeal, be taxed against the said fund, and it is ordered that the same be by the commissioners paid therefrom."

This suit was brought by Fernandez for the benefit of himself and of all other property owners in the district, and it was, therefore, proper for the court to charge the costs of the litigation against the fund recovered except insofar as the court had decreed otherwise on the former appeal, and as appears from the mandate quoted from the above costs of the appeal were adjudged against Fernandez. To enforce that portion of the mandate the present appeal has been necessary, and the costs of this appeal will, therefore, be also assessed against Fernandez.

We permit the costs of the litigation, except that of the appeals to this court, to be recovered, because this was a proper suit to be brought by a taxpayer, but, inasmuch as the first appeal was necessary to displace the receiver who had been erroneously appointed on motion of Fernandez, we assessed the costs of that appeal against him. Costs in equity are apportioned according to what the court regards as the applicable equitable principle. *Penix* v. *Pumphrey*, 125 Ark. 337.

It is next insisted that the court's order of distribution was prematurely made, for the reason that certain delinquent assessments remain uncollected, and it is urged that a final adjustment of all the equities of the case can not be made until these delinquent assessments have been collected. As appears from the former opinion, an audit of the affairs of the district was made and the report of the auditor was filed April 9, 1917. At that time the taxes on a large number of lots were delinquent, and the delinquency extended over the last five annual assessments. It affirmatively appears that the major portion of these taxes have since been collected by foreclosure proceedings. The court considered the advisability of postponing the distribution of the fund until all the delinquent taxes had been collected, but in the decree rendered the court found the fact to be that the cost of collecting such assessments as remained unpaid would practically equal the sum collected and would add so small a sum to the amount to be distributed that further delay was not advisable. In view of the fact that more than three years have elapsed since the filing of this audit showing the delinquent assessments, we can not say that the court abused its discretion in ordering the distribution at this time. Moreover, the decree reflects the purpose of the court to retain control of the case until all equities have been adjusted.

The commissioners of the appellant district do not question the correctness of the decree in ordering the surplus paid over to the property owners who paid the

last assessment; and we agree that this was the proper order to have made; but the commissioners do question the jurisdiction of the court over them to make that order. This question was disposed of on the former appeal, as we there said it was unnecessary for the court to appoint a receiver to distribute this surplus, as the court had the right to direct the commissioners, as such, to take that action.

These commissioners also say that the court below has by its decree deprived them of the authority to collect delinquent assessments and to otherwise manage the affairs of the district as they would in duty be bound to do but for the pendency of this suit, and that the decree is circumscribing their power and authority. We find nothing in the decree which supports this contention.

The decree specifically directed the commissioners to proceed with the collection of the delinquent assessments; but such direction was unnecessary. The opinion and decree of this court on the former appeal discharged the receivership and restored the management of the affairs of the district to the commissioners, and the decree of the court below on this appeal does not undertake to interfere with the control of the commissioners except insofar as it is necessary to direct the distribution of this surplus, and this the court has the right to do as we held on the former appeal.

The brief filed on behalf of the commissioners concludes with the question, "To whom shall this money be refunded?" In a general way the decree appealed from answers that question by directing the refund to be made to the persons who paid the last assessment, as there was no surplus until the collection of that assessment was made. It is probable that some property owners have paid their delinquent assessments since the rendition of the decree here appealed from; but the decree requires the commissioners to submit a full and final report, thereby manifesting a purpose to take care of such equities as may arise up to the time of the actual distribu-

tion of the fund, and if some case presenting special equities should arise we must presume that proper orders will be made in regard thereto.

The decree of the court is therefore affirmed, as modified.

Mr. Justice HUMPHREYS not participating.