THOMPSON *v.* UNIVERSAL C.I.T. CREDIT CORP.

5-2670                                                    356 S. W. 2d 735

Opinion delivered April 23, 1962.

[Rehearing denied May 28, 1962.]

*Paul K. Roberts,* for appellant.

*Carlton Currie* and *Barber, Henry, Thurman & McCaskill,* for appellee.

GEORGE ROSE SMITH, J. In 1960 a used car was sold to the appellant by Union Motors, Inc., under a contract by which the dealer retained title until the purchase price was paid. The seller assigned the contract to Universal C.I.T. Credit Corporation, which brought this action to repossess the car. Thompson filed a cross-

complaint against both the finance company and the dealer, asking that the contraact be canceled for fraud and that he recover $355 as damages for breach of warranty.

Upon trial by jury the court directed a verdict in favor of the finance company. The jury awarded Thompson damages of $14.90 upon his cross-complaint against Union Motors. Thompson has appealed from the ensuing judgment without bringing up any of the testimony taken at the trial.

It is first argued that the court erred in directing a verdict for Universal C.I.T., inasmuch as the jury might have found that the finance company never obtained title to the car. In making this argument Thompson relies upon a sentence in the contract reciting that title is retained "by Seller" until the purchase price is fully paid. It is contended that the jury might have seized upon this provision as a basis for finding that the title remained in the seller and never passed to Universal C.I.T. The dealer, however, executed an assignment transferring not only the contract but also "all interest in the chattels thereby sold." When the printed instrument is construed as a whole the title so plainly passed to the finance company that the trial court could not properly have submitted this question to the jury as a disputed issue of fact.

Thompson also insists that two erroneous instructions were given at the request of Union Motors. The trouble is that on this phase of the case Thompson is appealing from a verdict and judgment in his favor. We have held that such an appeal is permissible (a) if the appellant was entitled to substantial damages and received only nominal damages, or (b) if an award of substantial damages is inadequate and is accompanied by other error. *Smith* v. *Ark. Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411. With no evidence whatever before us we cannot say that an award of $14.90 is either nominal or inadequate, for it is possible that the jury

gave Thompson every cent of damages established by his proof. If so, a reversal might afford him the opportunity of introducing additional proof that should have been presented at the first trial. Under the rules laid down in the *Smith* case no prejudicial error has been shown, and we cannot presume that the matter omitted from the record on appeal would require a reversal of the judgment. *Kimery* v. *Shockley,* 226 Ark. 437, 290 S. W. 2d 442.

Affirmed.