Lloyd L. LEWALLEN and Betty LEWALLEN
*v.* Delta L. BETHUNE, Administratrix of
the Estate of Thema LEWALLEN, Deceased

CA 79-167                                         593 S.W. 2d 64

Opinion delivered January 9, 1980
Released for publication January 30, 1980

*Wilson & Grider,* for appellants.

*Simpson & Riffel,* for appellees.

JAMES H. PILKINTON, Judge. On January 25, 1971, and during the lifetime of the late Thema Lewallen, a suit was filed in the Randolph Chancery Court by the present appellee, Delta L. Bethune, against the present appellants, Lloyd L. Lewallen and Betty Lewallen, involving practically all of the issues in the present case. Sometime after the filing of the original case, Mrs. Thema Lewallen died, and on October 19, 1972, an order of revivor was entered. No action was taken by either of the parties through the greater part of 1975. On November 19, 1975, the case was dismissed. Then on November 17, 1976, just two days before the action would

have been barred by the statute of limitations, Lloyd Lewallen and Betty Lewallen filed this suit, using their original counsel. Thereafter, original counsel withdrew from the case, and by motion of the plaintiffs, present counsel for appellees was substituted and took over the case. Also, Mr. George Rawlings of Louisville, Kentucky, was noted as co-counsel for plaintiffs-appellees.

The plaintiffs took no action to prosecute their case, and the court noted by docket entry dated November 15, 1978, that the cause would be subject to dismissal for want of prosecution unless set for trial promptly. It was finally set for December 20, 1978 for a trial on the merits.

During the afternoon of December 18, 1978, defendants below, who are appellants here, filed a motion asking the regular Chancellor to disqualify himself or to withdraw from hearing the case. The matter of disqualification of the presiding Chancellor was heard at 9:30 a.m. the next day, December 19, 1978, but this proceeding was not reported by the court reporter, and the Chancellor did not act upon the motion for disqualification at that time. The cause came on for further hearing the following day, December 20, which was the date previously set for trial on the merits.

On December 20, 1978, when the parties and attorneys for the respective sides appeared, the Chancellor on his own motion took note of the large number of witnesses who had been subpoenaed, and were present in the courtroom, to testify in the case in chief. Also, the court took note of the out-of-county parties, and out-of-state witnesses who were present to testify, and the presence of the out-of-state attorney, Mr. George Rawlings, of Louisville, Kentucky, who was there as co-counsel for plaintiffs below (appellees here). The trial court made the following statements:

> I want the record to reflect that on this 20th day of December, 1978, this cause comes on the Court's own motion in the case of Bethune Administratrix vs. Lloyd Lewallen and Betty Lewallen, Number E-76-134. Mr. Jarboe and Mr. Throesch on behalf of Lloyd Lewallen and Betty S. Lewallen have filed a motion asking this Court to recuse for a number of reasons. Mainly that

this Court when practicing law prepared some of the instruments and allegedly represented one of the parties. Now, of course, if that were true, the Court would welcome it, and if it were timely filed, the Court would welcome it because the Court does not know the facts in the cases. This has caused the Court to conduct a review of the files and finds that this case was originally filed on January 25, 1971, as Randolph County Chancery Case Number 2201, and no action was taken on the case by the attorneys for either party through 1975. In 1975 this Court caused notice to be given to the plaintiffs that the case would be dismissed if no action was taken. No action was taken by the plaintiffs and on November 19, 1975 the case was dismissed.

Then on November 17, 1976, just two days before the running of the Statute of Limitations the plaintiff again filed this suit. An answer was filed on December 2, 1976 which is more than two years ago. The attorneys in the case were warned that if the case was not tried this year, it would be dismissed, and the case was set for today December 20, 1978.

Even though the issues have been joined, and the case is seven years old, at 1:30 on the afternoon of December the 18th, the attorneys for the defendants, Mr. Jarboe and Mr. Throesch, filed a motion as stated asking this Court to recuse for the reason that nine years ago the court had allegedly prepared one of the instruments involved. The motion is untimely filed, and the Court has serious concerns about it. As a matter of fact it causes the Court to have serious questions about the applicable conduct of the two attorneys in the manner this is handled.

The Court heard the motion yesterday morning at 9:30, and the defendant put on no proof whatsoever. They did offer the statement of one attorney, Mr. Throesch. From statements of the attorneys of the plaintiff, it is obvious that a number of witnesses have been subpoenaed here, and this could have been known by the attorneys. One of the attorneys for the plaintiffs has traveled from some point in Kentucky to here.

They have spent some good amount of time here preparing for the case. A number of subpoenas have been issued and served by the sheriff and yet the attorneys wait until a day and a half before Court to file such a motion. Even assuming the motion was absolutely correct, it would be improper and this Court wouldn't have to consider it under Rule Two for there is no time for the plaintiffs to properly answer. Certainly they don't have their ten days.

Now the motion states, "Documents will be introduced into evidence which were prepared by his Honor." Upon questioning, counsel states that it's a power of attorney. The Court has examined the files and finds the power of attorney prepared by John Burris.

Upon questioning, the statement of counsel is that their reason for waiting to file the motion is because their clients weren't sure they wanted to pay them until they knew the case was going to trial and so they didn't get ready in time which is a disgusting state of events.

The motion further states that the law firm in which this Judge was formerly a partner previously represented plaintiff, no such proof was offered. The Court notes that the prior case was filed after this Court went on the bench. The Court has examined in complete detail all other possible comparable files and finds case Number 2086 Lloyd Lewallen vs. Delta Bethune in which the law firm this Court had been in represented one of the parties but it was as a matter of fact after this particular Judge had ceased the civil practice of law.

The third allegation is that the Court Reporter will be called as a witness by the other side. No proof was offered, no transcript to the best knowledge of the Court has been ordered, and that as a ground for a Judge to recuse himself appears to be credulous.

Now the Court is going to grant the motion, not right now, but I'm going to grant it because you have chosen to file this motion one and one half days before Court. It would not be fair to allow you to get away with

such reprehensible actions, nor your client if he is a part of it.

As stated the motion is filed one and one half days before the trial is scheduled. As stated some two years after all of the pleadings are settled and the issues joined. And as stated after at least one attorney the Court knows from yesterday's hearing has come from Kentucky for the case and numerous witnesses have been subpoenaed here. Now to simply allow the motion to be granted it appears to this Court would be greatly unjust and unfair. By the same token under the circumstances I don't think it is proper for the Court to hear the case because there is an appearance of impropriety certainly in the way you have handled it with your reckless statements.

Therefore, the defendants will be assessed the complete costs of all witnesses including the service costs on those witnesses, their mileage, the same with the parties, if any of the parties have been here and spent the night, you are going to be assessed their hotel or motel bill, their feed, their lodging. The defendants will be assessed the costs of the attorneys in preparing their case and time devoted to research and so forth which is wasted.

That is, I'm intending to assess that part of it against you that is a needless waste as well as the meals, lodging and transportation of the attorney who has come here from Kentucky for the case. In other words I intend for the defendants to pay every penny of every bit of costs that are run up by your improper dilatory late motion.

Now I don't know what other action I'm going to take because I don't want to do anything when I'm mad. But we are going to have a hearing right now on the amount of costs.

Now the Court is aware that this is short notice, and I've considered that. But, of course, your notice is very short. You filed your motion a day and a half ago.

These people are here that are subpoenaed here, and they are going to be paid their costs. As you can tell without going into it the statement that the motion is not filed for the purpose of delay is deemed credulous by the Court.

All right, will you Gentlemen, are you ready to testify as to the expenses?

After making the above statement, the Chancellor then heard testimony relative to the court costs incurred up to that junction in the proceedings, and also took testimony as to the applicable attorneys' fees and expenses. Also, evidence was taken as to the out-of-state and out-of-county witnesses and parties and of their expenses incurred, and loss of earnings, because of their attendance in court for a trial of the case on its merits pursuant to the definite setting previously made. At the conclusion of this hearing the trial court made the following findings:

All right, in addition, the defendant shall be assessed costs, witness fees of $5.00 for Junior Wooldridge, and a service fee of $2.00 to the Sheriff's office, a $5.00 witness fee for Arlo Tyler plus $2.00 sheriff's costs, a $5.00 witness fee for Thelma Bates plus $2.00 service costs, a $5.00 witness fee for Lavon Pogue plus $2.00 sheriff's costs, a $5.00 witness fee for Doris Tanner plus the cost of service, a $5.00 witness fee for Peggy Long plus $2.00 on the service, a $5.00 witness fee for Dale Long plus the service, one of those services is $3.20 rather than $2.00, a $5.00 witness fee to Reba Hyde plus the $2.00 costs, a $5.00 witness fee to Pearl Brewer plus the costs, a $5.00 witness fee to Dr. DeClerk, plus service costs. Is there any other proof before the Court makes its findings?

No, Sir. (By Mr. Simpson)

All right, Gentlemen, because you have been so dilatory and improper in filing your motion at this time, the Court grants judgment against your client in the amounts that will be announced in just a moment. Now

to all of you that are subpoenaed here, I apologize to you. I'm sorry that this many of you were subpoenaed here, and these attorneys chose day before yesterday to file such a motion as this. It's going to cost them. They and their client are going to pay for every penny of it. And the Court may take further action. The Court assesses costs against Lloyd Lewallen and Betty Lewallen as follows:

$1,365.08 to George Rawlings. To H. G. Lewallen the sum of $135.00 plus $24.72, plus $36.00, plus $79.00. To Francis Lewallen the sum of $79.00. To Herschell Lewallen $79.00 expenses plus $96.00 lost wages. To Delta Bethune $79.00 for meals and lodging, plus $45.00 travel, plus lost wages of $96.00. To Harrell A. Simpson, Jr. the sum of $629.70. To Junior Wooldridge the sum of $5.00, to Arlo Tyer the sum of $5.00, to Thelma Bates the sum of $5.00, to Lavon Pogue the sum of $5.00, to Doris Tanner the sum of $5.00, to Peggy Long the sum of $5.00, to Dale Long $5.00, to Reba Hyde $5.00, to Pearl Brewer $5.00, to Dr. DeClerk $5.00, to plaintiff's attorneys for Sheriff's costs on service of process for this date which is now worthless $21.30. Mr. Rawlings and Mr. Simpson, the Court requests that you prepare the precedent, submit it to the other attorneys for approval as to form, the judgment will be entered against the defendants for those amounts.

To those of you that are subpoenaed here, you are free to leave, I apologize that you have been inconvenienced this greatly on the case that was set for today.

No objections were made by appellants to the hearing or to any ruling or finding of the court at any stage or phase, or to the court's findings or order allowing attorneys' fees, lost wages and expenses of out-of-state witnesses who were present and ready to testify, but who were not under subpoena. Judgment was entered for the amounts shown; the defendants-appellants have appealed to the Supreme Court of Arkansas. The case has been assigned by that court to the Arkansas Court of Appeals pursuant to Rule 29(3).

## I.

The first issue presented is whether the order in question is appealable. Appellee says it is not as the case is still pending, and no final judgment has been rendered on the merits. Appellee has moved that the appeal be dismissed as premature.

The general rule is that until final judgment of the case on its merits, any order assessing costs is not appealable, but the matter may be reviewed on appeal from the order or judgment disposing of the case on its merits.

However, that rule does not apply when the *power* or *right* of the court to assess certain items is in dispute. *Hill* v. *Whitlock Oil Services, Inc.,* 450 F. 2d 170, 14 ALR Fed. 895.

Appellants here question the power of the lower court to assess the following items:

1. Judgment for or ordering payment of attorneys' fees; and

2. Judgment for lost wages and expenses of witnesses who were not subpoenaed to testify.

These items total $2,743.50 and are apparently all that is questioned by appellants in this appeal. That part of the court's order finding that appellants must pay the fees of all witnesses, including the sheriff's costs, who were subpoenaed and appeared is not questioned.

We hold that the lower court's action in awarding judgment for the items totaling $2,743.50 was appealable under the rule that judgment granting or denying costs is appealable when the *power* of the court to assess certain items of cost is at issue. *Temple* v. *Lawson,* 19 Ark. 148 (1857). See also 54 ALR 2d 927, Sec. 5.

## II.

The lower court appears to have determined that appellants acted in bad faith in filing their motion asking the

presiding Chancellor to disqualify himself. Certainly the court held that the motion was tardy under the circumstances, and was not timely filed. Appellee says a court has the power to punish for contempt, and views the $2,743.50 extraction as a punishment for contempt. However, the hearing below falls short of a contempt proceedings. No citation was issued or referred to, and appellants were given no opportunity to respond. While testimony was taken, it was limited to the amount of certain items to be assessed against the appellants. The court in its first statement, quoted above, had already determined the basic issue against appellants. Therefore, we hold that these items cannot be sustained on the contempt of court theory. 17 C.J.S. *Contempt* § 86(3); 43 ALR 3d 793.

### III.

Arkansas recognizes the general rule that extraordinary costs, such as attorney's fees and special cost items, are distinguishable from ordinary costs. *Temple* v. *Lawson, supra.* Our Supreme Court in a very early case announced the rule in regard to costs at law to be in general conformity with the law of England, and in this country, that "the entire law of costs and fees is in substance statutory." The common law did not allow any. Judgment against the vanquished party was his only punishment at common law. *Thorn* v. *Clendenin,* 12 Ark. 60. Also *Jones* v. *Adkins,* 170 Ark. 298 at 314, 280 S.W. 2d 389 (1926).

At the time of *Thorn* v. *Clendenin, supra,* the Revised Statutes, c. 34, § 12 (the forerunner of later statutes on the subject) provided:

> If the plaintiff recover judgment he shall have judgment for costs against the defendant.

But, notwithstanding this provision of the statute and the decision in *Thorn* v. *Clendenin, supra,* our court in the case of *Temple* v. *Lawson, supra,* announced the rule on costs in equity cases by saying that "the giving of costs in equity is entirely discretionary." Some later cases state the rule as "costs in equity cases are apportioned according to what the

court regards as the applicable equitable principle." *Paving District No. 5* v. *Fernandez,* 144 Ark. 550, 223 S.W. 24 (1920).[1] Costs in equity, as used in these cases, refer to statutory costs.

The term "costs" or "expenses" as used (even in a statute) is *not* understood ordinarily to include attorneys' fees. 20 Am. Jur. 2d *Costs* § 72, p. 59. And the right to recover attorney's fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. 20 Am. Jur. 2d *Costs* § 72. Such an item of expense is not allowable in the absence of a statute or rule of the court, or some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory court costs. No Arkansas case has been cited which would modify this rule and allow the imposition of extra expenses or attorneys' fees of the nature imposed in the case before us. It was long the view of the Arkansas Supreme Court that even a provision in a promissory note permitting the holder to recover his attorney's fees was contrary to good public policy. That rule was changed by Act 350 of 1951. While the limits of allowance of attorney's fees on a "recognized ground of equity" are not clearly defined in Arkansas, we know of no cases which permit the allowance of expenses and attorneys' fees of the nature, and under the circumstances, present in the case before us.[2] We have concluded that the judgment of the trial court must be reversed and remanded with directions to eliminate the items of special costs at issue totaling $2,-743.50, but without prejudice to the rights of the parties to have all proper costs allowed and taxed at the conclusion of the litigation.

Reversed and remanded.

---

[1]Effective July 1, 1979, Rule 54 of the Arkansas Rules of Civil Procedure provides that except where express provision thereof is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. This rule superseded Ark. Stat. Ann. §§ 27-2308, 27-2310 and 27-2312 (Repl.).

[2]The law of Arkansas generally on this subject is that each litigant must pay his own attorneys' fees. *Jacobson* v. *Poindexter,* 42 Ark. 97; *White River L. & W. Ry. Co.* v. *Star R. & L. Co.,* 77 Ark. 128, 91 S.W. 14 (1905). See also Light, *Taxability of Attorneys' Fees as Costs,* 9 Ark. L. Rev. 70 (1955).