## James A. CLAWSON et ux *v.* Phillip D. RYE, A Minor, and Samuel M. RYE

83-205                                                            661 S.W.2d 354

### Supreme Court of Arkansas
### Opinion delivered November 21, 1983
[Rehearing denied January 9, 1984.]

*Peel & Eddy*, for appellants.

*Tom Forest Lovett, P.A.,* by: *Tom Forest Lovett,* for appellees.

DARRELL HICKMAN, Justice. This case was certified to us by the Court of Appeals pursuant to Ark. Sup. Ct. R. 29 (1) (o) because it presents a question in the law of torts. Specifically, the case involves a lawsuit over an automobile accident and the subsequent admissibility of certain evidence.

The appellant, Florence Clawson, a 62-year-old woman, suffered from a cervical degenerative disease and arthritis. On April 12, 1977, the car she was driving was hit from behind by another vehicle, causing her to sustain injuries which aggravated her pre-existing health problems. On November 11, 1977, the appellant was involved in a second, similar accident in which she was again struck from behind. Two lawsuits were filed on November 1, 1979, suing separate defendants over the accidents. The lawsuit over the first accident was settled out of court. The lawsuit over the second accident resulted in a jury award of $51,600. That judgment was set aside and a second trial resulted in a verdict in favor of the appellants for $11,000. It is from that second judgment in their favor that this appeal is taken.

Appellants challenge four evidentiary rulings made during the course of the second trial. They object to the trial court's failure to exclude testimony regarding the first lawsuit and settlement; to the exclusion of testimony by a

witness to the accident; and to the exclusion of testimony by Mr. Clawson and by an expert witness assigning a percentage value to the extent of Mrs. Clawson's disability. The appellees also raise two separate points on appeal. First, they argue that the appellants are not entitled to appeal a judgment in their favor because there was no showing the award of the jury was inadequate and there is no other error. Second, the appellees claim the court erred in failing to award attorney's fees pursuant to ARCP Rule 68.

First, we discuss the appellants' arguments. They contend the court was wrong in excluding testimony that Mrs. Clawson appeared to be "in pain" immediately after the accident. When Mrs. Clawson's automobile was struck, she was stopped behind the car of Fred M. Duncan. At the trial, Mr. Duncan was asked what Mrs. Clawson's appearance was immediately after the accident. He replied, "Well, the best I could tell looked like she was in pain." The appellants also argue that the court erred in excluding similar opinion testimony by Mr. Clawson that Mrs. Clawson was "eighty five percent back to normal" after the first accident and before the second accident. Both statements were excluded as being beyond the scope of permissible testimony by a lay witness as provided for in Unif. R. Evid. 701.

Rule 701 permits a lay witness to offer opinion testimony that is rationally based on a perception of the witness and is helpful to a clear understanding of his testimony, or the determination of a fact in issue. For example, lay witnesses have been allowed to testify that in their opinion someone was intoxicated, nervous, distraught, or surprised. 3 Weinstein's Evidence § 701[02], n. 18 (1982). "Rule 701 authorizes a witness to testify on terms that are familiar to him rather than in artificial circumlocutions which may cause the jury to miss the point. Many witnesses can clarify what they mean only by sprinkling opinions and inferences among their detailed descriptions." *Id.*

Here, the testimony by both Mr. Duncan and Mr. Clawson was based on their personal observation of Mrs. Clawson. The fact that Mrs. Clawson was in pain after the

accident, like the fact that she had recovered significantly from the first accident before the second one occurred, are both helpful to the determination of a fact in issue; namely, the extent to which Mrs. Clawson was injured by the accident which is the subject matter of this suit. We have held that the jury is the proper judge of the weight to be given testimony, *Ingram* v. *Marshall et al*, 23 Ark. 115 (1861), and of the credibility of witnesses. *Smith* v. *State*, 258 Ark. 601, 528 S.W.2d 389 (1975), *cert. denied*, 425 U.S. 912.

But, we would not reverse this case merely because these two questions were not permitted, because there is some discretion allowed in such instances and the witnesses were allowed to testify to facts that essentially placed before the jury the same evidence. If there was error it was harmless, and we have held that "[e]rror, unaccompanied by prejudice, commonly called harmless error, is not ground for reversal." *McCoy Farms, Inc.* v. *J. & M. McKee*, 263 Ark. 20, 563 S.W.2d 409 (1978), *cert. denied*, 439 U.S. 862. Nor do we say that on retrial of this case, these statements must be admitted. The admission or exclusion of testimony is a matter best left to the sound discretion of the trial judge.

We do however find the trial court's exclusion of part of the testimony of the appellants' expert witness was prejudicial error. Dr. Wilburn Giles testified, "I think she has a permanent disability to the body as a whole of 15% as a result of her injury." Because the doctor could not say definitely the 15% disability injury was caused by either accident, merely she suffered a 15% disability after the second accident, the trial judge excluded the testimony.

It was the responsibility of the jury in this case to assess the damages for the injuries suffered by Mrs. Clawson in the second accident. In making that determination, the jury is allowed to consider the full extent of any injury sustained, even though the degree of injury proximately resulted from the aggravation of a pre-existing condition. AMI 2203; *Owen* v. *Dix*, 210 Ark. 562, 196 S.W.2d 913 (1946). Therefore, the doctor's assignment of a percentage figure to the disability suffered by Mrs. Clawson was a relevant fact for the jury to consider when determining the damages suffered

by the appellant and should not have been excluded. The jury had the testimony of Mrs. Clawson of her condition before the first accident, after it and after the second accident. Similar testimony was offered by Mrs. Clawson's husband and daughter. The fact she suffered a total of 15% disability overall was a relevant fact the jury needed in order to find her injury from the second accident. Normally, the admission or rejection of such evidence is discretionary, but we find no basis for excluding the testimony in this instance. See *Caldwell* v. *State*, 267 Ark. 1053, 594 S.W.2d 24 (1980).

The appellants argued that the trial court erred in denying their motion in limine and allowing testimony regarding their prior lawsuit and settlement. Although we held in *Elrod* v. *G & R Const. Co.*, 275 Ark. 151, 628 S.W.2d 17 (1982), that offers of compromise or settlement are not admissible, that case involved the settlement of a separate claim arising out of the *same* accident. The fact that a settlement was made in Mrs. Clawson's first lawsuit was allowed simply to show she had prior injuries. The information was relevant to the jury's determination of damages and as admissible. It had to know she suffered damages from a prior accident in order to fairly decide the injury and damages in this case.

Appellees' contention that the appellants cannot appeal from a judgment in their favor without first offering proof of the inadequacy of the judgment is without merit. In *Thompson* v. *Universal C.I.T. Credit Corp.*, 234 Ark. 1056, 356 S.W.2d 735 (1962), we said that an appeal from a judgment and verdict in a party's favor is permissible "if an award of substantial damages is inadequate and is accompanied by other error." Appellees maintain that since the appellants offer no proof of the inadequacy of their damages, their appeal is not permissible. This is a misstatement of the rule in *Thompson*. First, we cannot say as a matter of law the verdict was adequate. Next, by demonstrating prejudicial error, the exclusion of the testimony of Dr. Giles, the inclusion of which could affect the amount of damages the appellants could receive, appellants have satisfied *Thompson*, and their appeal is therefore permissible.

We also deny the appellees' request for attorney's fees pursuant to ARCP Rule 68. The appellees tendered a judgment of $16,000, a sum larger than the appellants ultimately received. Consequently, they argue they are entitled to be paid the cost of the lawsuit. They argue that attorney's fees ($2,500) are included in the term "costs" as stated in Rule 68. "The term 'costs' . . . as used is not understood ordinarily to include attorney's fees. *Lewallen* v. *Bethune, Adm'x,* 267 Ark. 976, 593 S.W.2d 64 (Ark. App. 1980). Absent express authority, we do not award attorney's fees.

Reversed and remanded.