Robert D. BUSSEY *v.* STATE of Arkansas

CR 93-743                                          867 S.W.2d 433

Supreme Court of Arkansas
Opinion delivered December 13, 1993

*John Lloyd Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Robert Bussey was stopped by Deputy Marshal Michael Watson for speeding and driving while intoxicated, first offense. Bussey was found guilty in municipal court on both charges. He was fined $419.00, ordered to pay court costs of $225.00, and his driver's license was suspended for 90 days.

Robert Bussey appealed to circuit court. A jury trial was held and Officer Watson testified that Bussey was speeding and that he detected the odor of alcohol while questioning Bussey. Watson administered field sobriety tests which Bussey failed to perform satisfactorily. Marshal Dwight Earnest testified that Bussey registered .205 on a breathalyzer test administered on a BAC Data-master Machine. The jury found Bussey guilty of driving while intoxicated and imposed a fine of $500.00 and court costs, the suspension of his driver's license for 120 days, and twenty-four hours in the Pope County Detention Center.

On appeal two points of error are assigned: appellant's statutory right to cross-examine the person calibrating the BAC Data-master was unlawfully denied and the trial court erred by not allowing the pleadings from municipal court to be used when trying a case on appeal, de novo, in the circuit court.

I

Appellant contends he was denied the right to cross-examine in circuit court the person who calibrated the machine used to administer the breathalyzer test. Ark. Code Ann. § 5-65-206(d)(2) (1987) provides that a defendant charged with DWI has the right to cross-examine the person calibrating the machine, the operator of the machine, or any person performing work in the blood alcohol program of the Arkansas Department of Health if notice of intention to cross-examine is given ten (10) days prior to the date of hearing or trial.

Prior to the municipal court trial, the appellant filed a motion for discovery which recited that he wished to cross-examine the person calibrating the instrument employed for testing of blood-alcohol and the operator thereof.

The record reflects that the person who calibrated the machine, Danny Sorey, was not cross-examined at the municipal court trial. At the trial in circuit court the appellant moved at a pretrial hearing that the results of the breathalyzer test should be suppressed because the state did not have Sorey available for cross-examination. The circuit court denied the motion, ruling that the notice contemplated by § 5-65-206(d)(2) must be renewed in the circuit court. Further, the circuit court noted that only the notice of appeal and designation of record come from the municipal court, and the only record in circuit court consists of the municipal court transcript. The circuit judge denied a motion to dismiss for lack of a charging instrument being introduced in the trial in circuit court.

Appellant contends the state was required to make the person who calibrated the machine available for cross-examination at the trial in circuit court pursuant to the notice given in the municipal court. We disagree and hold that the language of § 5-65-206(d)(2) requires that a new notice be given following an appeal and without such notice being filed the state was under no duty to produce the witness.

Appellant argues the pleadings used in preparation for trial in the municipal court are to be used in the circuit court; therefore, the notice for cross-examination filed prior to the trial in municipal court satisfies the notice requirement for the trial in circuit court. As part of his appeal from municipal court, appellant requested that the entire municipal court record be made a part of the record in circuit court. The notice of appeal designated the entire record and all proceedings, exhibits, evidence and testimony. Further, appellant submits that to be tried de novo means that the same evidence and access to witnesses in the municipal court are to be available in the circuit court pursuant to the pleadings. Appellant contends his interpretation of the law is supported by Ark. Code Ann. § 16-96-506 (1987), which states:

> All appeals to the circuit court in criminal cases shall stand for trial at any time after the transcript and papers are, or should have been, filed in the circuit court as provided in this subchapter.

Appellant reads § 16-96-506 as dictating that as soon as the municipal court transcript is filed, including the pleadings, the parties shall stand ready for trial. He contends the statute implies there is no need to refile pleadings.

■ Appeals from a municipal court to circuit court are tried de novo. *Stephens* v. *State*, 295 Ark. 541, 750 S.W.2d 52 (1988). Appeals to circuit court are governed by Ark. Code Ann. § 16-96-507 (1987), which provides:

> Upon the appeal, the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.

Further, we have interpreted "trial de novo" to mean "as though there had been no trial in the lower court." *Harrell* v. *City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988).

■ In addition, appellate jurisdiction of circuit courts with respect to appeals from municipal courts is governed by Ark. Code Ann. § 16-19-1105 (1987). *Johnson* v. *State*, 312 Ark. 38, 846 S.W.2d 662 (1993). Although § 16-19-1105 addresses appeals from the decisions of justices of the peace, the statute applies to municipal court misdemeanor convictions. *Johnson, supra; Casoli* v. *State*, 297 Ark. 491, 763 S.W.2d 650 (1989). The statute provides in part:

> (a) Upon the return of the justice of the peace being filed in the clerk's office, the court shall be in possession of the cause and shall proceed to hear, try, and determine the cause anew on its merits, without any regard to any error, defect, or other imperfection in the proceedings of the justice of the peace.
>
> (b) The same cause of action, and no other, that was tried before the justice of the peace shall be tried in the circuit court upon the appeal. . . .

Ark. Code Ann. § 16-19-1105 (1987).

■ The purpose of the trial de novo is to conduct a trial as though there had been no trial in the lower court. Although

litigants are free to utilize the same defense in circuit court asserted in the municipal court, they are not required to raise that same defense. *See Stephens, supra.* Nor is the trial in the circuit court to be influenced or affected by what occurred in the municipal court. Id.

■ The trial court construed the provisions of the statute regarding appeals to circuit court as requiring that the case stand for trial in the circuit court on the same footing as though the case had originated in the circuit court. *Johnston* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). Our statutes and cases indicate that a case appealed to the circuit court is to be tried as though there had been no trial in the lower court. Based on that analysis, the trial in circuit court should be treated as an entirely new trial and the circuit court correctly concluded the notice prior to the trial in municipal court was not applicable to a later trial de novo in circuit court. Were the rule otherwise, we can foresee considerable confusion and inefficiency. In this case, for example, the state would be required to produce the person who calibrated a breathalyzer for trial in circuit court, with the attendant scheduling problems, and loss of work time, when the defendant had no intention of cross-examining that individual in circuit court. That exercise in wasted motion is easily avoided by the simple expediency of requiring further notice if the defendant does, in fact, wish to pursue that course.

## II

■ Appellant argues that if the pleadings from municipal court are not self-perpetuating on appeal to circuit court, the case must be reversed because the charging instruments (citations) were not introduced by the state at the trial in circuit court. No authority is cited for this contention. *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). However, it was the appellant who availed himself of circuit court jurisdiction and the transcript from municipal court, filed by the appellant, reflects that he was charged and convicted of the offenses of speeding and DWI, first offense, in the municipal court.

Finding no error, we affirm the judgment.