Kenneth SMITH *v.* STATE of Arkansas

CA CR 95-1311                                    931 S.W.2d 792

Court of Appeals of Arkansas
Division I
Opinion delivered October 23, 1996

*Robert E. Irwin,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Kenneth Smith, was found guilty in a jury trial of driving while intoxicated, first offense, for which he was sentenced to a year in jail and fined $500. Appellant raises three evidentiary issues on appeal. Finding no merit in his arguments, we affirm.

Since the sufficiency of the evidence is not at issue, we briefly set out the facts necessary for an understanding of the points raised in the appeal. Belinda Shelton, a Pope County Deputy, received a dispatch concerning a car in a ditch with someone lying on the hood. When she arrived, she found appellant on the hood of the car. She testified that appellant told her that he had been driving around and had driven into the ditch so that the police would come and get him. She said that appellant spoke with a thick tongue, that his eyes were bloodshot, and that he showed signs of intoxication, but that she did not detect the odor of intoxicants. Deputy Shelton said that appellant admitted that he had snorted cocaine some time prior to the accident. She placed appellant under arrest and took him to the hospital for blood and urine testing. Shelton testified that appellant was fidgety at the hospital and that he was carrying on a conversation with a nonexistent person named "Mac," who was supposedly in the ceiling. She said that appellant was having other hallucinations as well. It was disclosed at trial that methamphetamine, amphetamine, and cannabinoids were present in appellant's urine. There was further testimony that a person who had taken a high dosage of methamphetamine might hallucinate.

During her testimony, Deputy Shelton stated that there had been a constable and a wildlife officer at the scene when she arrived. On cross-examination, she admitted that she had failed to mention this in her report and that she had not informed the prosecutor, either, explaining that the two men had told her that they had not had any contact with the appellant. It was also revealed that the blood sample taken from the appellant had not been tested because it had been sent to the wrong place and had later been destroyed. The trial court sustained the State's objection to the appellant questioning the witness about her awareness of a motion for discovery requesting the names of everyone involved. Appellant questions the trial court's ruling as his first issue on appeal.

The discovery motion referred to by appellant was one filed in municipal court where appellant had been previously found guilty and an appeal had been taken to circuit court. The trial court, noting that this was a trial *de novo*, disallowed questions pertaining to such a discovery motion because the record did not disclose that a discovery motion had been filed in circuit court. Appellant argues that the fact that no new motion for discovery had been filed did not relieve the State of its duty to disclose. We agree with the trial court's ruling.

Appeals from municipal court to circuit court are tried *de novo*. Ark. Code Ann. § 16-96-507 (1987). And, the purpose of the trial *de novo* is to conduct a trial as though there had been no trial in the lower court. *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993). In *Bussey v. State*, the appellant had filed a motion in municipal court requesting the presence of the operator and the person who calibrated the breathalyzer machine, pursuant to Ark. Code Ann. § 5-65-206(d)(2) (Repl. 1993). In the appeal to circuit court, the appellant objected to the introduction of the test results on the ground that those persons were not available for cross-examination. The supreme court upheld the trial court's ruling that the statutory notice must be renewed in the circuit court proceeding and that the appellant could not rely on the former motion because, under Ark. Code Ann. § 16-96-507, a trial in circuit court is treated as an entirely new trial, as though the case had originated in circuit court. It follows from this decision that appellant's reliance on his previous motion for discovery is misplaced.

Appellant's remaining arguments concern the testimony of Kelly Lane, a nurse at the hospital where the samples of blood and

urine were taken. Ms. Lane testified that in her work she regularly came into contact with persons under the influence of intoxicants. She said that appellant's pupils were constricted, that he was "hyper" and "very restless," and that he could not follow the commands she gave in order to draw his blood. She testified that he would sit down, but that he was "very fidgety" on the examination table. Appellant objected when the witness was asked whether appellant seemed more than simply nervous. The trial court overruled the objection and Ms. Lane testified that what stayed in her mind was that he was different from just being nervous because she had to constantly repeat commands, because he was in constant motion, was "wild-eyed," jittery, fidgety and pacing the room.

■■ Appellant contends that the trial court erred by allowing the testimony because the witness was not qualified to offer an opinion with respect to the cause of the appellant's nervousness. It is clear from a reading of the record, however, that the witness did not offer an opinion as to *why* the appellant appeared nervous, as appellant complains. In responding to the question, the witness simply described the behaviors she observed without attributing that behavior to any particular cause. Although she testified that the behavior seemed "different" from just being nervous, we do not find that testimony objectionable. Rule 701 of the Arkansas Rules of Evidence permits a lay person to offer opinion testimony that is rationally based on the perception of the witness and is helpful to a clear understanding of his or her testimony, or the determination of a fact in issue. Thus, it is not required in all circumstances that a witness be qualified as an expert in order to state an opinion. *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984). Whether to admit such testimony rests in the sound discretion of the trial court, and our standard of review is abuse of discretion. *Nooner* v. *State*, 322 Ark. 87, 907 S.W.2d 677 (1995). Given her stated experience and her personal observation of appellant's conduct, we find no abuse of discretion in the trial court's ruling.

■■ Ms. Lane later testified, over appellant's objection, that she did not feel that appellant could safely drive a vehicle in his condition. Appellant contends that the trial court erred by permitting Ms. Lane to give an opinion as to whether the appellant was intoxicated because she did not know the legal definition of intoxication under the laws of this state. Again, appellant mischaracterizes the witness's testimony because she did not testify that appellant was

"intoxicated." Even so, under Rule 701, lay witnesses have been allowed to testify that in their opinion someone was intoxicated. *Clawson* v. *Rye*, 281 Ark. 8, 661 S.W.2d 354 (1983). The witness testified about her experience of regularly dealing with intoxicated persons, and her opinion that appellant was in no condition to safely drive a car was based on her observation of appellant's behavior. We find no abuse of discretion.

Affirmed.

MAYFIELD and NEAL, JJ., agree.