

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1152

|  |  |
|---|---|
| | **Opinion Delivered** October 18, 2017 |
| RAYFORD WRIGHT<br><br>APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-14-32] |
| V. | HONORABLE DAVID F. GUTHRIE, JUDGE |
| CITY OF BEARDEN<br><br>APPELLEE | REVERSED AND REMANDED WITH INSTRUCTIONS |

## LARRY D. VAUGHT, Judge

Rayford Wright appeals the judgment entered by the Ouachita County Circuit Court on September 30, 2016. The judgment found that Wright had violated the City of Bearden's Ordinance No. 115 and fined him $970 plus $25 court costs. The court further found that it could not rule on Wright's argument that the ordinance was unconstitutional because he did not plead or raise it before the municipal court.[1] On appeal, Wright argues that Ordinance No. 115 "does not withstand constitutional law." We hold that the circuit court clearly erred in finding that it could not rule on Wright's constitutional argument because it was not pled or raised before the municipal court. Accordingly, we reverse and remand.

At issue in this case is the City of Bearden Ordinance No. 115, which provides:

---

[1]Although amendment 80 to the Arkansas Constitution designated all municipal courts as district courts, Ark. Const. amend. 80, § 7, the documents and circuit court transcript in this case refer to the inferior court as the municipal court.



AN ORDINANCE TO REGULATE THE KEEPING OF HORSES, GOATS, COWS, & HOGS WITHIN THE CITY LIMITS OF BEARDEN, ARKANSAS; DECLARING AN EMERGENCY; AND FOR OTHER PURPOSES.

WHEREAS, the maintenance of Horse Lots, Goats, Cows, and Hogs within the City Limits of Bearden, Arkansas is a nuisance and a menace to health, unless sanitary regulations are practiced, and

WHEREAS, in some instances such animals are maintained at places within the City of Bearden, Arkansas, so as to destroy the peace, comfort and health of some of the Citizens, now

THEREFORE, Be It Ordained by the City Council of Bearden, Arkansas:

SECTION 1. On and after the effective date of this ordinance, no Horse Lot, Horse, Goat, or Goats, Goat Pens, Cows, Cow or Cow Lot, Hog or Hogs, or Hog Pen, shall be maintained within the City Limits of Bearden, if located within 300 Feet of any residence or Home.

SECTION 2. Provided, however, that such animals, or enclosures for such animals, may be maintained within 300 feet of any residents or residences, only if and when, the person, firm or corporation desiring to maintain such animals or lots therefor within 300 feet of a residence or residents, shall obtain in writing the consent of the occupants and owners of the resident or residences that are situated within 300 feet of the place where such animals or lots are to be maintained. . . .

Bearden, Ark., Ordinance 115 (May 7, 1957).

On June 12, 2013, the Mayor of Bearden, Bill Farmer, wrote a letter to Wright advising that at a June 10, 2013 city council meeting one of Wright's neighbors (Sharon Garlington) complained about his horses. In this letter, Mayor Farmer cited Ordinance No. 115 and advised Wright that he had thirty days to remove the horses from the property.

Notes from the July 2013 Bearden City Council meeting reflect that Wright appeared at the meeting and stated that he had been taking care of his horses. He said that if he moved the horses 300 feet from Garlington's property, the problem would not be solved. The notes also provide that Wright received legal notification of his violation and that his thirty days to comply expired on July 18, 2013. At the August 12, 2013 Bearden City Council meeting, Garlington reported that Wright had not removed his horses.

An arrest warrant for Wright was issued by the Bearden Municipal Court on October 24, 2013. A citation to appear was also issued to, and signed by, Wright, alleging that he violated Ordinance No. 115 and ordering him to appear in the Bearden Municipal Court to answer to the charge.

On January 27, 2014, Wright was found guilty by the municipal court of violating Ordinance No. 115. He was ordered to comply with the ordinance and to pay a $970 fine, half of which would be suspended if he complied with the ordinance and maintained good behavior for twelve months. Wright appealed the municipal court decision to the Ouachita County Circuit Court on February 24, 2014.

On August 19, 2016, a trial was held in the Ouachita County Circuit Court. Gayle Vaughn, the Bearden city court clerk, testified that Ordinance No. 115 was enacted on May 7, 1957, and remained in effect. She said that the ordinance was enacted to regulate the keeping of animals inside the Bearden city limits. Vaughn stated that Wright had not removed his horses as of October 2014.

Garlington testified that she lives within 300 feet of where Wright was keeping his three horses. She said that there was an odor from the horses and that they needed to be cared for and fed. Garlington stated that she did not give Wright written or oral permission to maintain the horses within 300 feet of her home. She said that Wright had not removed his horses as of June 2014.

Mitchell Pate, the Bearden city marshal, testified that Garlington had filed a complaint about the odor of Wright's horses in June 2013. Pate said that he measured the distance between Garlington's residence and Wright's horses, and it was less than 300 feet. Pate spoke

with Wright about Garlington's complaint and asked Wright to move his horses, but Wright did not. Pate issued the October 2013 citation and testified at the municipal court hearing. Pate said that Wright's horses were in the city limits in violation of the ordinance well into 2014.

Wright agreed that he had three horses within 300 feet of Garlington's residence from June 2013 to October 2014. He said that "three mayors" of Bearden had told him he had some of the healthiest horses around and that they did not smell. Wright also testified that he believed the ordinance violated constitutional law because there were other horses in the city limits within 300 feet of residents and the owners of those horses were not being prosecuted.

At the conclusion of the trial, the circuit court orally affirmed the municipal court decision, finding that Wright was in violation of Ordinance No. 115 and that the exception did not apply because as Garlington testified, she did not give written permission to Wright to maintain his horses within 300 feet of her residence. The circuit court further found that it could not reach Wright's constitutional challenge because he did not raise that argument before the municipal court. The circuit court entered a judgment, and this appeal followed.

Wright, who has represented himself throughout these proceedings, argues on appeal that Ordinance No. 115 is unconstitutional because there are owners of other horses in the city limits in violation of the ordinance who are not being prosecuted. He raised this argument before the circuit court:

> I know the Court probably don't care about how I feel but what I want them to know is that I think a matter of constitutional law that the ordinance is a violation of that. And also because of the other horses that's in the city limits and they're a lot closer and they all have odors if they have any at all. Well, you know, they are still in violation and the city knew it and the mayor . . . told me he didn't care what [sic] the other people had horses or not, he was going to get me.

4

However, the circuit court found that it could not consider the constitutional issue because the challenge was neither pled nor argued in the municipal court.

Wright did not raise his constitutional challenge in his municipal court pleadings. This is a criminal case; other than the citation to appear and the municipal court docket sheet, there were no pleadings. Wright did not argue his constitutional challenge to the municipal court either. However, this is of no significance. Appeals to the circuit court are governed by Arkansas Code Annotated section 16-96-507 (Repl. 2006):

> Upon the appeal, the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.

*See also* Ark. R. Crim. P. 36(g) (2016) (providing that an appeal from a judgment of conviction in a district court shall be tried de novo in the circuit court as if no judgment had been rendered in the district court); Ark. Const. amend. 80, § 7(A).

In *Bussey v. State*, our supreme court held that appeals from a municipal court to the circuit court are tried de novo. 315 Ark. 292, 295–96, 867 S.W.2d 433, 435–36, (1993) (citing *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988)). Trial de novo has been interpreted to mean "as though there had been no trial in the lower court." *Harrell v. City of Conway*, 296 Ark. 247, 248, 753 S.W.2d 542, 543 (1988). Although litigants are free to utilize the same defense in the circuit court as in the municipal court, they are not required to raise that same defense. *Bussey*, 315 Ark. at 295, 867 S.W.2d at 435–36. "Nor is the trial in the circuit court to be influenced or affected by what occurred in the municipal court." *Id.*, 867 S.W.2d at 436. Testimony and statistics from a municipal court are of no consequence to a circuit court. *Duhon v. State*, 299 Ark. 503, 507, 774 S.W.2d 830, 832 (1989).

On de novo review to the circuit court, Wright was permitted to raise an argument for the first time, and it is undisputed that he did raise a constitutional argument before the circuit court.[2] Therefore, we hold that the circuit court clearly erred when it found that it could not rule on the matter because Wright failed to raise it before the municipal court.[3] Accordingly, we reverse and remand with instructions that the circuit court rule on the constitutional argument.

Reversed and remanded with instructions.

ABRAMSON and HIXSON, JJ., agree.

*Rayford Wright*, pro se appellant.

*Wynne Law Firm*, by: *Tom Wynne*, for appellee.

---

[2]We offer no opinion as to whether Wright's constitutional argument made to the circuit court was fully developed or supported by authority.

[3]We note that in *In re Adoption of Baby Boy B.*, our supreme court held that the appellant failed to preserve his constitutional argument for appeal, despite raising it to the circuit court, because the circuit court "declined" to rule on it. 2012 Ark. 92, at 14, 394 S.W.3d 837, 844–45. The instant case is distinguishable because the circuit court herein found that it *could not* address the issue because it was not raised before the municipal court. This is a ruling, albeit an erroneous one.