DeWitt v. State.

4491                                                    210 S. W. 2d 922

Opinion delivered May 10, 1948.

*Robert E. Johnson* and *Geo. W. Johnson*, for appellant.

*Guy E. Williams*, Attorney General, and *Oscar E. Ellis*, Assistant Attorney General, for appellee.

Griffin Smith, Chief Justice. In May 1947 three hounds were stolen from Scott County citizens—two from Ben Harris and one from Jim Hawthorne. Four months later they were found in the possession of H. B. Sitz at Castle, Oklahoma. Ernest DeWitt, the accused, resides at Bartlesville, Okla., but was arrested at Henryetta, where he had formerly lived.

By information appellant was charged (a) with having stolen one of the Harris hounds, and (b) with feloniously receiving the dog knowing that it was stolen. He was convicted on the second count and sentenced to a year in prison.

Sitz, as a witness, admitted procuring the Harris hound from DeWitt. The seller said he bought it from

a man named Glover, who lived in Texas. In acquiring the dog Sitz traded DeWitt a hound that cost him $49.

Ted Houston, testifying for the State, quoted DeWitt as having said he bought three dogs from a stranger, and that in part the transactions occurred in front of Williams' stock barn at Ft. Smith. DeWitt told him he thought the man from whom he made the purchases lived in Scott County, near Waldron.

Thomas Powell, operator of a service station at Y-City, near Boles, in Scott County, testifying November 3, 1947, said he had seen the defendant at the station "two or three times" during the past five or six months. He qualified this with the assertion that the "two or three times" were not more than a month apart—"all three times were within a month."

The defendant testified that to a limited extent he bought and sold dogs, and would sometimes have more than half a dozen in his kennel. In connection with the dogs stolen from Harris and Hawthorne, he had made a purchase in front of the Williams barn. On cross-examination appellant testified that he frequently went to his father's home at Charleston. En route home on one occasion he saw "this man" at Williams' barn, leading a dog. The man told him his name, but it had been forgotten. Appellant paid $22.50 for a dog, put it in his car, and drove to Henryetta. During the conversation near the sales barn, the stranger told appellant he had another hound, a much faster hunter, and appellant became interested. About a week or two later the stranger brought the second dog to appellant's home. It was guaranteed to "outrun anything you put him up against." The dog appellant claims was brought to him by the stranger whose name had been forgotten was the one stolen from Harris, who identified it as having unusual "dew claws."

Appellant denied having been in Scott County. In this he was contradicted by Powell. Appellant admitted that in January, 1947, he was convicted for stealing a dog. The trial occurred at McAlester, Okla. Before being arrested on the charge of stealing the Harris hound, appel-

lant and his wife went to California, remaining there three days.

Counsel for appellant offered an instruction on circumstantial evidence. Since there is no direct proof that DeWitt received the dog in Scott County knowing it had been stolen, or in circumstances from which a reasonable person would have been put on notice, we feel that the instruction should have been given. Other errors are alleged, but inasmuch as the judgment must be reversed for failure to instruct in the respect mentioned, it becomes unnecessary to discuss them.

Reversed, with directions that the cause be retried.