### ARKANSAS STATE HIGHWAY COMMISSION v.
### W.S. McKOWN AND VIOLA McKOWN

5-6054                                         486 S.W. 2d 525

Opinion delivered November 13, 1972

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Lightle, Tedder & Hannah,* for appellees.

CARLETON HARRIS, Chief Justice. This is a highway condemnation case. Appellant, Arkansas State Highway Commission, condemned in fee 23.13 acres from a total ownership by appellees of approximately 240 acres, involving the taking of a strip of land across the property dividing it into two residuals. The land north and west of the highway facility contained 154.36 acres, and that south and east of the facility contained 62.5 acres which were landlocked by the taking. On trial, W.S. McKown, who, together with his wife, is an appellee, testified to damages of $12,000 and his expert witness testified to damages of $9,722. The jury returned a verdict of $11,000 as just compensation, and from the judgment entered in accord with the verdict, appellant brings this appeal. For reversal two points are asserted, the first being that the trial court erred in permitting

the testimony by the landowner concerning an offer to purchase the land involved in the litigation.

We agree with appellant that error was committed by the admission of this testimony. In *Arkansas State Highway Commission* v. *Elliott*, 234 Ark. 619, 353 S.W. 2d 526, this court held that evidence of an unaccepted offer to purchase is not admissible to establish the fair market value of particular property in condemnation proceedings. This holding was reiterated in *Arkansas State Highway Commission* v. *Jackson County Gin Co.*, 237 Ark. 761, 376 S.W. 2d 553, where this court, referring to *Elliott*, stated, "After discussion of the testimony and review of a number of authorities, this court unequivocally stated, 'we hold that the evidence of an offer to purchase is not admissible to establish the fair market value of particular property'." Appellee argues that appellant's objection was not timely made, and the evidence was therefore admissible. We do not agree. The answer of the witness to the original question asked by McKown's attorney was not responsive[1] and it was not until four questions later that it was clear that the witness was using the offer as a basis for the value of the property before the taking. On objection being made, the court held that the witness could answer that he turned down the offer "as going to the credibility of his own testimony". We do not understand this ruling and are rather of the opinion that a clerical error was made. No one had questioned whether such an offer had been made and the name of the person who

---

[1]"Q. Do you have an opinion, Mr. McKown as to what was the fair market value of your tract of land, designated as Tract 47, immediately before the Highway Department filed its Condemnation on July 25, 1968?
A. Well, I was offered $250 an acre for it and turned it down.
Q. Do you have an opinion as to the value?
A. Yes, sir, that's what I think.
Q. What is your opinion as to the total value of it?
A. Afterwards?
Q. No, immediately before, what is the total value?
A. $60,000.
Q. You say you had an offer at that price?
A. Yes, sir, I was offered that."
Counsel for the department then objected to the evidence.

allegedly made the offer was not shown. At any rate, the evidence was not admissible and reversible error was committed.

It is also asserted that the court erred in refusing to allow appellant to adduce evidence of sales made of landlocked property which occurred subsequent to the date of the taking under discussion. Henry Williams, an expert witness for appellant, testified that he knew of sales of landlocked residuals in the area of the property under discussion. When the court determined that these sales were made subsequent to the date of taking, no further testimony was permitted. It was the theory of appellant that these sales would have substantiated the opinion of the witness relative to the after value of the property in question. However, after the court refused to permit the testimony, there was no offer of the evidence that would have been given by Williams, and we accordingly are not in a position to pass on this point.

Because of the error committed under point one, the judgment is reversed, and the cause remanded.

It is so ordered.