Reba Marion Diehl HAIGHT and
Rebecca Marion SUTTON *v.* STATE of Arkansas

CR 75-180                                    533 S.W. 2d 510

Opinion delivered March 8, 1976

*Robert L. Pierce* and *Paul R. Bosson,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants were convicted by a jury of possession of a controlled substance, marijuana, with intent to deliver. [Ark. Stat. Ann. § 82-2617 (a) (1) (ii) (Supp. 1975)]. Appellant Haight received a five year sentence and appellant Sutton received a three year sentence in the Arkansas Department of Correction. Appellants first contend for reversal that the trial court erred in denying their motion to dismiss on the ground of double jeopardy. Amendment 5, United States Constitution and Article 2, § 8, Constitution of Arkansas (1874). Appellants' first trial resulted in a mistrial, upon the state's motion, because appellants' counsel, in his opening statement, made reference to a plea bargain and the sentence which was recommended by the prosecuting attorney. Appellants argue that without consent by them, either express or implied, it was error to dismiss the jury absent overruling necessity. In *Wilson* v. *State*, 253 Ark. 10, 484 S.W. 2d 82 (1972), we said:

> Plea bargaining is alien to jury trials and many reasons should be obvious why offers and counteroffers in plea bargaining have no place whatever in the evidence at jury trials.

There the remarks were made by the prosecution in the closing argument and we said that the trial court's admonition to disregard the statement was not sufficient to remove whatever prejudice the statement may have caused. We hold that the remarks here, as to plea bargaining, are equally prejudicial when made by the defense counsel and the court properly granted a mistrial. Since the court correctly granted a mistrial, it follows that appellants' constitutional rights as to double jeopardy were not violated. *Walters* v. *State*, 255 Ark. 904, 503 S.W. 2d 895 (1974), and *Franklin and Reid* v. *State*, 251 Ark. 223, 471 S.W. 2d 760 (1971).

Appellants next insist that the trial court erred by not permitting appellants to question jurors as to whether comments by the trial court in another case, a month previously as reported in the press, made it impossible for the jury to render a fair and impartial verdict in the case at bar. It is true that the trial court has discretionary authority in determining the extent of voir dire of the jurors. Ark. Stat. Ann. § 39-226

(Repl. 1962). However, this statutory authority does not foreclose or unduly limit counsel for the accused to probe the jurors fully with reference "to their mental attitude" in order to determine whether a juror is subject to a challenge for cause or a peremptory challenge. *Griffin* v. *State,* 239 Ark. 431, 389 S.W. 2d 900 (1965). In the case at bar, it appears that the jurors responded to the court's and to appellants' attorney's inquiry that their decision would be based solely upon the law and the evidence adduced at the trial. Further, the jurors indicated, in response to the court's inquiry, that they would not be influenced by anything they had seen or read in the news media "or anywhere else." It does not appear that any member of this jury had served on the previous jury to which the court had directed his remarks. Consequently, we are of the view no prejudicial error was demonstrated. Furthermore, we consider that this issue is most unlikely to arise upon a retrial.

We next consider appellants' contention that the court erred in allowing the state to elicit from a witness, a police informant, a conversation he had with the appellants about other drug transactions. The informant testified he had a conversation with appellants concerning a trip to a nearby town to get some "speed." Evidence that these appellants were engaged in traffic of other controlled substances was relevant in the case at bar to the possession of marijuana with intent to deliver as it would tend to show intent or design. *Kurck* v. *State,* 242 Ark. 742, 415 S.W. 2d 61 (1967); *Derrick* v. *State,* 259 Ark. 316, 532 S.W. 2d 431 (1976).

We must agree with appellants' contention for reversal that the trial court erred in refusing to allow the defense counsel to attack the credibility of the police informant by two proffered witnesses. It was made clear that if these witnesses were allowed to testify their testimony would be that the informant had previously stated to them that one of the appellants was not guilty. Reliance upon *Swaim* v. *State,* 257 Ark. 166, 514 S.W. 2d 706 (1974), by the trial court and the state that the proffered testimony is collateral is misplaced. There the arresting officer denied on cross-examination by appellants' counsel that he carried a gun, threatened or intimidated appellant. Appellant attempted to call two

witnesses. One would testify that the officer had threatened him by using a gun. The other proffered witness would testify that the officer had offered to sell him drugs. We held that the trial court was correct in holding this constituted a collateral inquiry and not relevant to the issue. This is not so in the case at bar. Here in order to establish the guilt of the appellants, the state relied heavily upon its principal witness, the informant. Appellants' proposed witnesses would contradict this evidence of guilt by the informant. They would testify that the informant had told them that one of the appellants was not guilty of the alleged offense. The vital issue in this case is, of course, the guilt or innocence of these appellants. Therefore, any contradictory statements bearing on this issue by the state's witness were not collateral. They were most relevant to the subject. Certainly the jury should have the right to consider this testimony as bearing upon the credibility of a witness. We take this occasion to state that if the opinion in *Swaim v. State, supra,* is susceptible to the interpretation made by the trial court and the state, then it is here accordingly clarified.

We also agree with appellants' contention that the trial court erred in denying their motion for mistrial when the court allowed the prosecuting attorney, on redirect, to ask the police informant to answer what had been the verdicts in other drug cases in which he had testified. The witness responded that other juries had found the defendants guilty. Appellants argue that the results of other jury trials were totally irrelevant and immaterial in this case. It is true that defense counsel had asked the informant on cross-examination how many times he had testified in similar cases to which he replied three or four times. However, we cannot agree with the appellee that the limited extent of the cross-examination by appellants' counsel opened up the subject to the extent permitted or that it was an invited error and, therefore, nonprejudicial. Obviously, it could be effectively argued to the jury that other juries had accorded great credence to the testimony of this witness inasmuch as other juries had consistently believed him. Neither can we agree that a motion to strike nor a cautionary instruction would have sufficiently corrected this erroneous method of bolstering the credibility of a witness.

We do not agree with appellants' next contention that the trial court erred in refusing to strike the testimony of the officer concerning a conversation he had overheard on the telephone and a radio transmitter. It is argued that his testimony was inadmissible as secondary evidence since the tape recording, which was made of the conversation, was not available. It appears that the police had "taped over" or "reused" the tape recording because "the quality of the tape is very poor" and "it was impossible to follow the conversation of the tape." There was no objection to the officer's testimony. Appellants' counsel cross-examined the officer about the availability of the tape. Another witness testified and the trial recessed. It was not until then that appellants' motion to strike the officer's testimony was presented to the court. Suffice it to say that since there was no objection to the testimony and the motion to strike was not timely made, we cannot say the court abused its discretion. *Warren v. State,* 103 Ark. 165, 146 S.W. 477 (1912). Cf. *Kerr & Pinnell v. State,* 256 Ark. 738, 512 S.W. 2d 13 (1974); and *Flaherty & Whipple v. State,* 255 Ark. 187, 500 S.W. 2d 87 (1973).

We agree with appellants' contention that the trial court committed error in restricting the scope of the appellants' cross-examination of an officer witness about contacts between him and the appellants. The cross-examination would demonstrate the officer's animosity toward them. The state insists that the inquiry was collateral and, having occurred two to three years preceding the trial, is too remote, citing *Swain v. State, supra.* Here we are of the view the evidence sought to be elicited on cross-examination was not too remote and had some probative value. *Lang v. State,* 258 Ark. 504, 527 S.W. 2d 900 (1975). The right of cross-examination is so important that we have often said the cross-examiner has wide latitude and cannot be unduly restricted in eliciting facts which affect the witness' credibility. *Henry & Aclin Ford v. Landreth,* 254 Ark. 483, 494 S.W. 2d 114 (1973); and *Washington National Ins. Co. v. Meeks,* 249 Ark. 73, 458 S.W. 2d 135 (1970). Neither can we agree with the state that the asserted error was rendered harmless and nonprejudicial merely because here one of the appellants was permitted on redirect examination to testify about existing animosities that the state's witness had toward her.

We deem it unnecessary to discuss the other asserted prejudicial error inasmuch as it is not likely to occur on a retrial. The judgments are reversed and the causes remanded for the errors indicated.

Reversed and remanded.