Ernest B. MATKIN, Jr., Administrator *v.*
Samuel E. JONES, Individually and as
Father and Next Friend

76-175                                        543 S.W. 2d 764

Opinion delivered December 6, 1976
(Division I)

*Bailey, Trimble & Holt,* by: *Jack Holt, Jr., John F. Forster, Jr.,* and *McHenry, Bryant & Polk,* by: *James M. Bryant II,* for appellant.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* and *Ike Allen Laws Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. A head-on highway collision gave rise to the appellee Jones's complaint for personal injuries sustained by his minor son and to the appellant Matkin's counterclaim for the wrongful death of his son and for property damage. The jury did not award damages to either party. Matkin's two points for reversal relate to an inconsistent out-of-court statement shown to have been made by John DeBlock, a passenger in the Matkin car.

The critical question of fact was: Which driver caused the collision by driving into the other's lane of traffic? Young Jones testified that as he drove over the crest of a hill he saw the Matkin car coming toward him, in Jones's traffic lane. Jones tried, but failed, to avoid a collision by first going to his left and then trying to get back to his side of the road.

DeBlock, who was riding with young Matkin, testified on direct examination that the Matkin car was continuously on its own side of the highway until the collision took place. On cross-examination DeBlock admitted that right after the accident he talked to a Mrs. Linton at the scene, but he denied having told Mrs. Linton that Matkin, in trying to avoid an animal in the road, had driven on the wrong side of the road. In rebuttal Mrs. Linton testified that when she asked DeBlock what had happened, he said: "We swerved to keep from hitting a 'possum or something."

It is first argued that Jones made DeBlock his own witness by asking about a matter not mentioned on direct examination and that therefore Jones could not contradict

DeBlock. That argument is unsound, because the cross-examination was a permissible method of impeachment. Ordinarily matters of impeachment, such as inconsistent out-of-court statements or criminal convictions, are not mentioned on direct examination. Hence the rule is "that cross-examination to impeach is not, in general, limited to matters brought out in the direct examination." McCormick on Evidence, § 22 (2d ed., 1972).

To avoid a multiplicity of issues, the cross-examiner is bound by the witness's answer with respect to a collateral matter. A fact is not collateral if the cross-examining party would be entitled to prove it as part of his case or defense. *McAlister* v. *State,* 99 Ark. 604, 139 S.W. 684 (1911). Upon that premise the appellant argues that DeBlock's statement to Mrs. Linton was collateral, because, being hearsay, it could not have been proved by Jones as part of his case.

That argument is also unsound. What is or is not collateral is the basic fact, not the means of proving it. Here that fact is: The driver of the Matkin car drove on the wrong side of the road to keep from hitting an animal. If DeBlock had been willing to testify to that fact, Jones could have called him as a witness to make that proof. Consequently the issue raised by the cross-examination was not a collateral one. If the appellant's argument were accepted, an inconsistent out-of-court statement could never be proved, because it would always be hearsay and therefore collateral. That is not the law.

As a second argument Matkin contends that the trial judge should, on his own motion, have instructed the jury to consider DeBlock's statement to Mrs. Linton only as bearing upon his credibility. The burden, however, was on counsel to request such a limiting instruction. When testimony is admissible for one purpose but not for another, a general objection, as here, is not sufficient; a limiting admonition must be requested. *City of Springdale* v. *Weathers,* 241 Ark. 772, 410 S.W. 2d 754 (1967). No such request was made in the court below.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.