## Robert BRADY *v.* STATE of Arkansas

CR 76-205                                548 S.W. 2d 821

Opinion delivered March 14, 1977
(Division 1)
[Rehearing denied April 25, 1977.]

*Lee Ward,* for appellant.

*Bill Clinton* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, 30, was charged with a misdemeanor: possession of six tablets of sodium butisol, a Schedule III controlled substance. Ark. Stat. Ann. § 82-2609 (Repl. 1976). The jury found him guilty and imposed the maximum sentence, imprisonment in the county jail for one year and a $250 fine. For reversal he contends that the trial court should have allowed him to prove that the retail value of the pills was about four cents each.

The pivotal issue of fact was whether Brady had possession of the pills. Two police officers testified that, acting upon a tip, they concealed themselves, watched a certain grassy area in Corning, nnd saw Brady drive up, drop a small bottle that was found to contain the pills, and drive away. Brady testified positively that he does not use drugs, he did not drop the bottle of pills, and the officers' story was fabricated.

Defense counsel, in his opening statement to the jury, stated that expert testimony would show that the pills were worth less than thirty cents. The State, in presenting its case in chief, elicited the sheriff's opinion that the street value of the pills was two dollars each. Defense counsel did not object to that testimony. Later on the defense proffered, in chambers, the testimony of a pharmacist that the pills were tranquilizers worth about four cents each and were frequently prescribed by physicians. The court sustained the State's objection, on the ground that possession of any quantity of the drug, regardless of price, was a violation of law unless obtained by prescription.

Counsel for the appellant argues that the proffered proof, even if ordinarily inadmissible, should have been received in rebuttal of the State's evidence of street value. That contention may very well be meritorious. Wigmore on Evidence, § 15 (3d ed., 1940); McCormick on Evidence, § 57 (2d ed., 1972). We prefer, however, to rest our decision upon a simpler rule.

When, as in Arkansas, the jury fixes the punishment for criminal offenses, evidence in aggravation or mitigation of an offense is often admissible to assist the jury in arriving at a fair verdict. *Wilson* v. *State,* 247 Ind. 680, 221 N.E. 2d 347 (1966); *Dobbins* v. *State,* 21 Okl. Cr. 403, 208 P. 1056 (1922); *Stroud* v. *State,* 159 Tenn. 263, 17 S.W. 2d 899 (1929). Here the prosecution, pursuant to that rule, had introduced evidence of street value, tending to suggest that Brady was a "pusher." That testimony is now challenged as being based on hearsay, but the trial judge found that the sheriff was qualified to state an expert opinion, which may be derived from facts learned by hearsay. *Ark. State Highway Commn.* v. *Russell,* 240 Ark. 21, 398 S.W. 2d 201 (1966). Brady should have been permitted to prove in mitigation that the pills were merely tranquilizers of nominal value. It certainly cannot be said with confidence that the error was not prejudicial. Brady had no prior criminal record, but the jury imposed the maximum sentence — a year in jail and a $250 fine — for what might have been found to be a trivial offense if the proffered proof had been admitted.

Reversed and remanded for a new trial.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.