### Robert Lee BORECK *v.* STATE of Arkansas

CR 81-128                                    639 S.W.2d 352

Supreme Court of Arkansas
Opinion delivered September 27, 1982

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The prosecutrix reported to the police that she had been raped but about two weeks later she told the police, in a recorded statement, that she wanted the charge against appellant dismissed. The charge was not dismissed and shortly before trial the State moved to prohibit the appellant from cross-examining the prosecu-

trix about the matter. At the hearing on this threshold motion the prosecutrix testified that friends of the appellant had offered to pay her medical bills of $70 to $90 if she agreed to have the charge dismissed and she agreed. She testified that in furtherance of that agreement she made the recorded statement to the police. In addition, she testified that she neither got the money nor were her medical bills paid. The threshold motion was granted and the appellant was prohibited from cross-examining the prosecutrix about attempting to have the charges dismissed. The appellant was tried, convicted and sentenced to 31 years in prison. We reverse and remand. Jurisdiction is in this court pursuant to Rule 29 (1) (b).

The trial judge has considerable discretion in determining the scope of cross-examination. Rules 403 and 611 (b) Unif. Rules of Evid., Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Shepherd* v. *State,* 270 Ark. 457, 605 S.W.2d 414 (1980). However, we have consistently taken a broad view of the right of an accused in a criminal prosecution to be confronted with the witness against him. *Simpson* v. *State,* 274 Ark. 188, 623 S.W.2d 200 (1981). This is because cross-examination is not solely a means to test the truth of the witness' direct testimony but is also the principal means by which the credibility of a witness is evaluated. A broad view of cross-examination is especially important where it might reveal bias on the part of a key witness. *Simpson* v. *State, supra; Klimas* v. *State,* 259 Ark. 301, 534 S.W.2d 202 (1976); *Haight* v. *State,* 259 Ark. 478, 533 S.W.2d 510 (1976).

Here, if the cross-examination had been allowed, the jury would have been informed of the prosecutrix's attempt to dismiss the charges in exchange for the payment of her medical bills. The jury may have considered the evidence of attempted dismissal inconsistent with her direct testimony that she had been raped and probative of the truthfulness of that testimony. In addition, the jury may have found her to be less credible if they thought she was biased since she was unable to extort an agreed payment. On the other hand, the jury may have thought that the underlying reasons for her actions were well founded and that the evidence supported both her testimony on direct and her

credibility. Thus, the evidence was relevant and would have aided the jury in its evaluation of the prosecutrix's testimony. For these reasons, the cross-examination should have been allowed.

We find no merit in the other points argued on appeal.

Reversed and remanded.