Jack Frederick HOBACK *v.* STATE of Arkansas

CR 84-186            689 S.W.2d 569

Supreme Court of Arkansas
Opinion delivered May 28, 1985

154

*Skillman & Durrett*, for appellant.

*Steve Clark*, Att'y Gen., by: *Alice Ann Burns*, Deputy Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of violation of Ark. Stat. Ann. § 82-2617 (a)(1)(i) (Supp. 1983), a class Y felony, delivery of cocaine. He was sentenced to life imprisonment. The appellant argues five grounds for reversal. Since each argument will be treated in the opinion they will be separately stated. We do no find reversible error.

During a drug investigation law enforcement officers contacted Larry Rodgers who was involved in drug dealings. Rodgers informed the police he expected to hear from the appellant on a drug deal in a few days. The officers persuaded Rodgers to cooperate with them and, pursuant to the agreement, equipped Rodgers' phone with a recording device. They also installed video equipment in Rodgers' office and a listening device in his vehicle, as well as a microphone to be worn on the body. Naturally the appellant had no knowledge of the trap which had been set for him by his colleague and the officers. As expected appellant contacted the informant by telephone, which conversation was duly recorded, and made plans to bring some cocaine and collect money for the delivery. The officers monitored and recorded, by sound and video, the activities and transactions between the appellant and the informant. These recordings included delivery of a sack by appellant to the informant and payment to the appellant of $10,000, which had been supplied by the F.B.I. After the transfer of the sack and the money, the officers closed in and arrested the appellant, and ostensibly the informant, Larry Rodgers.

During the trial the audio and video tapes were used against the appellant over his objections. The court refused to allow an expert on video tapes to testify on behalf of the appellant. The proffered expert's testimony would have explained to the jury that it is not possible to distinguish between original and copied or

spliced video tapes. The court also prevented the appellant from impeaching an officer's testimony by showing that he had helped other defendants obtain favorable treatment. Over appellant's objection evidence of the street value of the cocaine was presented to the jury. The trial court rejected appellant's offered instructions AMCI 401 and 402 on accomplice liability.

## I

## THE TRIAL COURT ERRED IN NOT SUPPRESSING THE VIDEO AND AUDIO TAPES.

There is no dispute of the fact that the informant agreed to be taped and recorded and that the appellant consented to none of it. The recordings were admitted over appellant's objection.

■■ We think reliance on *Katz* v. *United States*, 389 U.S. 347 (1967), is inapposite for the reason that in *Katz* it was the recording of Katz's voice from a public telephone booth that the Court denounced. There was no consent by anyone in *Katz*. In the present case the informant not only knew the transactions were being recorded, he also helped with the documentation. The present case is more like *United States* v. *White*, 401 U.S. 745 (1971), where an informant performed like Rodgers did in the case here under consideration. In *White* it was held that it made no difference that a defendant completely trusted an apparent colleague who betrayed him. His expectations were not protected by the Fourth Amendment. The rule that an accused relies on a colleague at his own risk is well established. We have relied upon decisions of the United States Supreme Court in holding that recordings made with the consent of an informant are admissible. *Osborn* v. *United States*, 385 U.S. 323 (1966); *Smithey* v. *State*, 269 Ark. 538, 602 S.W.2d 676 (1980); *Patterson* v. *State*, 267 Ark. 436, 591 S.W.2d 356 (1979).

## II

## THE COURT ERRED IN REJECTING THE TESTIMONY OF APPELLANT'S EXPERT WITNESS ON VIDEO TAPES.

■ Although appellant's expert witness may have been the world's foremost authority on video tapes, his testimony was not relevant at the trial of this case. The essence of the proffered

testimony in this case was that video tapes could be spliced or duplicated and one could not differentiate between the original and the copies. The state had properly established the foundation of the evidence before introduction and the appellant did not seriously dispute the tapes' authenticity in any respect. Had there been a dispute about the authenticity of the tapes, then the expert testimony may have been relevant. At the very least we can say with certainty that the trial court did not abuse its discretion in rejecting the testimony.

## III

## THE TRIAL COURT ERRED IN REFUSING THE APPELLANT'S ATTEMPT TO IMPEACH OFFICER BRACKIN.

Officer Brackin suggested to appellant it would be in his best interest if he would cooperate with the officers during the investigation. He may have told appellant he would "cut him some slack" in return for cooperation. He explained to the court that he meant any cooperation would be taken into consideration at a later date. He did not promise the appellant he would recommend a lesser charge or sentence. Upon cross-examination defense counsel asked the officer if he had in fact made a deal for a named individual. The court ruled the question was collateral and excluded further questioning. However, the testimony was proffered in chambers out of the presence of the jury. It developed that Brackin had indeed attempted to help one of the men in the National Guard unit to which he belonged. Brackin explained he did not consider himself to be acting as a law enforcement officer while he was at drill and it was in his capacity as a National Guard officer that he tried to help the serviceman. There was no evidence that Brackin offered anyone a deal in his capacity in law enforcement.

Cross-examination is extremely important to an accused and wide latitude should be allowed. It should not be unduly restricted in matters relating to the credibility of a witness. *Haight* v. *State*, 259 Ark. 478, 533 S.W.2d 510 (1976). A trial judge has considerable discretion in determining the scope of cross-examination. *Boreck* v. *State*, 277 Ark. 72, 639 S.W.2d 352 (1982); *Shepherd* v. *State*, 270 Ark. 457, 605 S.W.2d 414 (1980). The scope of cross-examination to impeach is not

generally limited to matters brought out on direct examination. *Matkin* v. *Jones*, 260 Ark. 731, 543 S.W.2d 764 (1976). Cross-examination should be limited to material and relevant matters before the court. *Dillard* v. *State*, 260 Ark. 743, 543 S.W.2d 925 (1976). Harmless errors are not grounds for reversal of a case. An accused is entitled to a fair trial but not a perfect one because there are no perfect trials. *Brown* v. *United States*, 411 U.S. 223 (1973). Although it may have been the better practice to allow the cross-examination to include the incident to which appellant referred, we do not find that the trial court abused its discretion and no prejudice has been demonstrated.

## IV

## IT WAS ERROR TO ALLOW THE STREET VALUE OF THE COCAINE TO BE STATED TO THE JURY.

Neither Unif. R. Evid. 403 nor our case law prohibits such testimony from being revealed to the jury. Rule 403 states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. We reversed the case of *Brady* v. *State*, 261 Ark. 257, 548 S.W.2d 821 (1977), where the trial court refused to allow the accused to prove the value of the pills during the mitigation phase of his trial. The relevancy or prejudice matter must be decided by someone. The trial court has been assigned that responsibility in our system and it is the logical and proper place to make such determination. Unless that discretion is abused, we will not reverse the trial court. See *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980). We see no abuse in the trial court's ruling.

## V

## IT WAS ERROR TO REFUSE TO GIVE AMCI INSTRUCTIONS 401 & 402.

The court ruled as a matter of law that the informant was not an accomplice of the seller in this case. We need not cite authority that the appellant could not have been convicted by the testimony of Rodgers alone if he were an accomplice of the appellant. Appellant recognizes that we have previously held that an undercover officer or informant is not an accomplice solely

because he is a buyer. *Sweatt v. State*, 251 Ark. 650, 473 S.W.2d 913 (1971). In *Sweatt* we held as a matter of law that a buyer of contraband is not an accomplice of the seller.

## VI

### THERE WERE NO ADVERSE RULINGS PREJUDICIAL TO THE APPELLANT WHICH WERE NOT ARGUED.

Pursuant to Ark. Stat. Ann. § 43-2725 (Repl. 1977) and Rule 11 (f) of this Court, we have considered all objections by appellant and find no prejudicial error.

Affirmed.