Carl L. and Terry K. BAUMEISTER *v.* CITY OF FORT SMITH

CA 87-261                                              743 S.W.2d 396

Court of Appeals of Arkansas
Division II
Opinion delivered January 27, 1988

*Joel W. Price*, for appellant.

*Daily, West, Core, Coffman & Canfield*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Sebastian County Circuit Court, Fort Smith District. Appellants, Carl and Terry Baumeister appeal from a judgment dated September 22, 1986, awarding them $63,500 as just compensation for property taken by appellee in eminent domain. We affirm.

Appellee, City of Fort Smith, was involved in a project of constructing a municipal parking facility. For the project, appellee purchased by agreement certain properties in the 700 block of Garrison Avenue from the appellants. The purchases by agreement did not include the tract which is the subject of this litigation. After negotiations for the subject property failed,

appellee filed an application for condemnation and the action was tried before a jury. The jury returned a verdict in the amount of $63,500 as just compensation for the appropriation of appellants' property. From the judgment comes this appeal.

For reversal, appellants raise the following two points as error: (1) Where landowners, in an arms-length transaction, paid $75,000 for property four months prior to "taking" and where a note and mortgage given the bank to secure landowners' $75,000 purchase money loan remain outstanding at the time of taking, the jury verdict of $63,500 for city's taking of landowners' property is contrary to the evidence and inconsistent with the basic principle of "indemnity" inherent and embodied in the just compensation clause(s); (2) where the trial court had previously entered an order requiring the parties to disclose the names of experts at least thirty days prior to trial, which order landowners fully complied with and relied upon, the court's ruling on the morning of trial permitting the city to call an undisclosed appraisal expert was a clear abuse of discretion which resulted in a denial of due process, prevented a fair trial, and was a cause of juror error denying just compensation. We address their points in order.

First, appellants argue that the jury verdict is contrary to the evidence presented at trial and insufficient to indemnify them. We disagree.

■ Private property shall not be taken, appropriated or damaged for public use without just compensation therefor. Ark. Const. art. 2, § 22. In reviewing a jury verdict where the sole issue is one as to value, nothing but an extreme case would justify our interference. *Arkansas State Highway Commission* v. *Southern Development Corp.*, 250 Ark. 1016, 469 S.W.2d 102 (1971).

Appellants contend that because a $75,000 purchase money loan remained outstanding at the time of condemnation, that amount is the minimum which would justly compensate them. Such an interpretation could cause the burden of a bad bargain or a decline in the market to rest with the condemnor. Such a shift in the burden would be contrary to the purpose for which eminent domain was created, that being for the benefit of the public as a whole. In *Southern Development* we stated:

"The owner in parting with his property to the State is entitled to receive just such an amount as he could obtain if he were to go upon the market and offer the property for sale. To give him more than this would be to give him more than the market value and to give him less would not be full compensation."

*Id.* at 1019, 469 S.W.2d at 104-05.

Appellants cite *United States* v. *Cors*, 337 U.S. 325 (1949) for the proposition that market value is merely one means by which just compensation is measured "since [market value] may not be the best measure of value in some cases." *Id.* at 332. While we agree that this is a correct statement of the law, it must be noted that the jury, in instruction No. 6, was instructed that "the compensation to which the landowners are entitled in this cause is the fair market value of the land taken as of the date of the taking." Appellants neither objected to the giving of this instruction nor offered instructions as to any other basis for measuring just compensation. An issue not raised at the trial court level cannot be raised on appeal. *Jones* v. *State*, 270 Ark. 328, 605 S.W.2d 7 (1980).

The jury was instructed that they were to determine the fair market value of the property at the time of taking based upon the evidence presented. The appellants called four expert witnesses who each testified as to their opinion of the fair market value at the date of the taking. Those opinions ranged from $93,750 to $120,000. Mr. Baumeister testified that in his opinion the fair market value at the date of taking was $125,000. Appellee also called two experts who testified that their opinions of the value at the date of the taking were $47,500 and $55,800 respectively. The jury is the sole judge of the weight of the evidence and the credibility of the witnesses. *Lindsey* v. *Watts*, 273 Ark. 478, 621 S.W.2d 679 (1981). They also heard testimony as to what appellants paid for the property and that the bank held a mortgage on the property. The jury had all of the evidence before it and determined the fair market value of the property to be $63,500. We have repeatedly held that an appellate court will not disturb the jury's findings of fact on conflicting evidence if there is any substantial evidence to support the verdict. *Norman* v. *Gray*, 238 Ark. 617, 383 S.W.2d 489 (1964). The verdict was

well with the range of testimony presented and was submitted to the jury on instructions and guidelines unquestioned by the appellants. A verdict need not correspond in amount to the proof adduced by either party. *Garrison Properties, Inc.* v. *Branton Construction Co.*, 253 Ark. 441, 486 S.W.2d 672 (1972). Therefore, we find that there was substantial evidence to support the verdict.

■ As part of their argument on this point, appellants object to the court's refusal to permit the introduction of the mortgage instrument, a rejected offer made by appellants in purchasing the property and a "plat". The trial judge has discretion in deciding evidentiary issues and his decision will not be reversed on appeal unless he has abused his discretion. *Hoback* v. *State*, 286 Ark. 153, 689 S.W.2d 569 (1985).

Appellants were allowed to testify that they paid $75,000 for the subject property, and an officer of First National Bank, in giving his opinion as to fair market value, testified that the bank took a mortgage from appellants when they purchased the property. The trial judge ruled that the document itself and the amount of the purchase which was financed, was not relevant since financial solvency is not probative of just compensation. We cannot say that the trial court's failure to allow introduction of the mortgage document was an abuse of discretion.

■ Appellants also argue that they should have been permitted to testify that they first offered $65,000 to purchase the subject property but their offer was refused. The law is clear that evidence of an unaccepted offer to purchase real property is not admissible to show market value of that property. *Arkansas State Highway Commission* v. *McKown*, 253 Ark. 419, 486 S.W.2d 525 (1972). *See also, Arkansas State Highway Commission* v. *First Pyramid Life Insurance Co. of America*, 269 Ark. 278, 602 S.W.2d 609 (1980). We cannot say that the trial court abused its discretion in excluding evidence of the offer.

■ The final matter alleged error under this point is refusal to allow introduction of a plat into evidence. The only reference to introduction of the "plat" was made in a pre-trial hearing at which time appellee moved that the appellants not be allowed to introduce future plans and plats. However, the trial judge stated that although it appeared speculative, he would permit appellants

to proceed to see if they could get the plat in under a plausible theory at trial. Upon review of the abstracted record, appellants never attempted to introduce the plat. Where the trial judge made no ruling adverse to appellants, we have nothing to review.

In their second point for reversal, appellants argue that the trial court erred in permitting the appellee to call Calvin Moye, a belatedly disclosed expert witness. As part of their argument, appellants attack the substance of Moye's testimony and assert prejudice is not being prepared for vigorous cross-examination.

Although appellants assert in their point for reversal that they fully complied with the disclosure order, it is undisputed that neither party complied with the trial court's order that the identity of witnesses be supplied thirty days before trial. Appellants contend that the parties agreed upon August 26th as the final date on which witnesses could be added. Appellee contends that the final date was to be the date on which Mr. Baumeister was deposed, originally August 26 but rescheduled to September 15. Prior to the taking of Mr. Baumeister's deposition on the morning of the 15th, appellee informed appellants that they intended to call Calvin Moye as an expert witness. By letter dated September 19, appellants objected to appellee's use of Moye as a witness. At the hearing immediately preceding the trial, the court overruled appellants' objection and stated that Moye would be allowed to testify, because appellants failed to demonstrate prejudice.

The admission or exclusion of testimony is a matter best left to the sound discretion of the trial judge. *Clawson* v. *Rye*, 281 Ark. 8, 661 S.W.2d 354 (1983). We will not reverse the action of the trial court unless that discretion has been abused. *Hoback*, 286 Ark. at 153, 689 S.W.2d at 569.

The record reflects that appellee disclosed its intention to use Calvin Moye as an expert one week prior to trial. On that date, depositions had been scheduled for Mr. Baumeister and Bill Harding, a witness for the appellee. Appellants discontinued the request to depose Harding. Appellee offered to make Moye available for deposition at appellants' request or at the time already set aside for the cancelled Harding deposition.

Had appellants chosen to depose Moye, any weaknesses in

the factual underpinning of his opinion could have been discovered and effectively brought out on cross-examination. The trial judge is in a superior position to balance any prejudicial effect which the admission of the testimony might have had against its probative value. *See Caldwell* v. *State*, 267 Ark. 1053, 594 S.W.2d 24 (Ark. App. 1980). We cannot say that the trial court abused its discretion in allowing Moye to testify.

Affirmed.

COOPER and JENNINGS, JJ., agree.