Ester Pamela DEMAREST *v.* STATE of Arkansas

CA CR 88-22                                            755 S.W.2d 577

Court of Appeals of Arkansas
Division I
Opinion delivered August 31, 1988

*Wilson & Associates, P.A.,* by: *Jack T. Lassiter,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y

Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Garland County Circuit Court. Appellant, Ester Pamela Demarest, appeals her conviction of theft in excess of $2,500 in violation of Ark. Code Ann. § 5-36-103 (1987) (formerly Ark. Stat. Ann. § 41-2203 (Repl. 1977)). We find reversible error and remand.

Appellant was employed by Dr. Bhaktnan Krishnan and performed nursing as well as office duties. During her employment, appellant wrote two checks to herself totaling $2,866.77 which she signed with the doctor's signature stamp. The check disbursement journal reveals that appellant made false entries on both checks for payee and check amounts. The evidence regarding the checks is conflicting. Appellant argues that she was initially hired as a surgical assistant; however, her duties later expanded to include part-time office work. Appellant contends that she wrote the checks in question at the direction of Dr. Krishnan as compensation for the additional office duties. Appellant also contends that Dr. Krishnan instructed her to make the false entries in the journal because he did not want his wife to know about the money paid appellant for additional office duties. Dr. Krishnan denies any such agreement with appellant. He argues that he did not authorize appellant to write the two checks in issue or make the false journal entries, and he terminated her when he became aware of her actions. Dr. Krishnan made a complaint to the police and the case proceeded to trial wherein the jury found the appellant guilty and assessed a fine of $15,000. From the judgment of conviction comes this appeal.

For reversal, appellant raises the following two points as error: (1) The lower court erred in sustaining the State's objection to the proffered prior inconsistent statement of Dr. Krishnan; (2) the lower court erred in sustaining the State's objection to testimony which established hostility between Dr. Krishnan's wife and appellant.

First, appellant argues that she was denied a fair trial by the lower court's refusal to allow Nelda Hunt's proffered testimony which would have placed doubt on Dr. Krishnan's credibility. We agree. Arkansas Rules of Evidence provide that all relevant evidence is admissible. A.R.E. Rule 402. Relevant evidence is

defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. A.R.E. Rule 401.

Here, the proffered testimony reveals that Ms. Hunt would have testified to a prior inconsistent statement by Dr. Krishnan. Specifically, she testified that Ms. Hunt interviewed for a job with the doctor at which time he told her that she would be his bookkeeper and officer manager and that appellant would be his surgical nurse. This testimony would have contradicted testimony elicited from Dr. Krishnan during cross-examination when he denied telling Ms. Hunt that appellant was going to be his surgical nurse and Ms. Hunt his office manager and bookkeeper. Dr. Krishnan testified that he discussed the job with Ms. Hunt but in the meantime talked with and employed appellant who agreed to work as both a nurse and office worker.

Both parties to this action agree that the issue to be resolved is whether the checks were written by deception without authorization of Dr. Krishnan or whether Dr. Krishnan authorized the checks and directed the false entries in the cash disbursement journal. Ms. Hunt's proffered testimony goes to the existence of some fact that is of consequence to the determination of this action. This evidence makes the existence of that fact more probable because it suggests that Dr. Krishnan recognized two separate jobs associated with his medical practice. It places Dr. Krishnan's credibility in doubt and is relevant to appellant's defense that she agreed to perform office duties in addition to her nursing position for which she was to receive additional compensation. *See* A.R.E. Rule 401.

Arkansas Rules of Evidence provide methods by which the credibility of a witness may be impeached. Rule 607 provides that the credibility of a witness may be attacked by any party, including the party calling him. Also, Rule 613(b) allows extrinsic evidence of a prior inconsistent statement by a witness into evidence if the witness and the opposite party are afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness.

It is the general rule that relevancy of evidence is within the trial court's discretion and, absent a showing of abuse

of that discretion, its decision will be affirmed. *Lewis* v. *State*, 288 Ark. 595, 709 S.W.2d 56 (1986). Here, the trial court's refusal to allow the proffered testimony of Ms. Hunt demonstrates an abuse of discretion.

Secondly, appellant argues the lower court erred in sustaining the State's objection to testimony which established hostility between Dr. Krishnan's wife and appellant. The record reveals that during direct examination of appellant, the court disallowed testimony regarding appellant's relationship with Dr. Krishnan's wife. The proffered testimony would have been that Mrs. Krishnan came to the office on two occasions and was upset and hostile toward appellant, asking many questions. Appellant would have testified that she felt physically threatened by Mrs. Krishnan's behavior.

■ The trial judge has discretion in deciding evidentiary issues and his decision will not be reversed on appeal unless he has abused that discretion. *Baumeister* v. *City of Fort Smith*, 23 Ark. App. 102, 743 S.W.2d 396 (1988). Here, the trial court abused its discretion in excluding evidence of the hostility. The trial court improperly limited evidence that tended to make the existence of a specific fact more probable, i.e., whether Dr. Krishnan directed the false journal entries so that his wife would not be aware of the additional funds paid appellant for office duties.

Accordingly, the judgment is reversed and remanded.

Reversed and remanded.

CRACRAFT and JENNINGS, JJ., agree.