Rondal CAMPBELL *v.* STATE of Arkansas

CA CR 88-214 766 S.W.2d 940

Court of Appeals of Arkansas
Division II
Opinion delivered March 22, 1989
[Rehearing denied May 3, 1989.]

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Boone County Circuit Court. Appellant, Rondal Campbell, appeals his conviction of possession of a controlled substance with intent to deliver, a violation of Arkansas Code Annotated Section 5-64-401(a) (1987), and the sentence and fine imposed therefor. We affirm.

Appellant was charged by information filed February 19, 1988, with the offenses of possession of a controlled substance and theft by deceiving. The theft charge was severed, and appellant was tried by a jury and convicted on the drug count. Appellant was sentenced to fifteen years in the Arkansas Department of Correction and fined $35,000.00. From the judgment of conviction and the fine comes this appeal.

For reversal, appellant raises the following two points: (1)

The initial search was improperly conducted; and (2) the court erred in refusing the request for scientific tests.

The evidence reveals that a warrant to search appellant's home was issued upon an affidavit by Terry Bruce who was previously arrested for burglary of a residence. Mr. Bruce informed the police that he sold three of the items taken in the burglary to appellant for $40.00 cash and a bag of marijuana. Mr. Bruce also stated that appellant knew the items were stolen. Based upon this information, a warrant was issued to search appellant's residence for one Montgomery Ward color television, one Emerson video cassette recorder, and one Sanyo microwave oven. On February 11, 1988, nine or ten officers searched appellant's residence pursuant to the warrant. The VCR and the microwave oven were found soon after the search was initiated; however, the portable television was never found. The search of appellant's two-story home with basement was conducted over a two to three hour period. In the search, the police seized items not listed on the warrant in the belief that they were illegal or stolen; however, none of the items was introduced into evidence against appellant except the marijuana contained in a safe found in the course of the search. The officers testified that while searching the basement, a gun safe was discovered from which the smell of marijuana emanated. The officers involved in the search of that area testified that they smelled the marijuana and the safe was seized and removed from appellant's home. A warrant was obtained the following day to search the safe which resulted in the discovery of 21.8 pounds of marijuana packaged inside 64 Ziploc plastic bags contained in 11 grocery sacks. Subsequently, the police obtained a third warrant to search the contents of appellant's lock box.

Appellant filed a motion to suppress all evidence taken in the three searches. The motion was based upon appellant's contentions that the affidavits and search warrants were improper, that there was no probable cause for any of the searches, that the second and third searches were based upon information improperly obtained in the first, and that the time and scope of the search was improper. After a hearing on the motion, the court denied appellant's motion to suppress and found that the searches were lawful.

Appellant challenges the propriety of the initial search and argues that Officer Rodney Combs' participation in the search renders it illegal. At the suppression hearing, Officer Combs generally testified that he understood that a search, pursuant to warrant, was going to be made of appellant's home and that he went along as an assistant in the belief that there might be some illegally possessed controlled substances in the home. His testimony further revealed that he was told that appellant kept drugs in a safe in his home, but he was not told where the safe was located. Officer Combs testified that his primary impression was that methamphetamines were in appellant's home. As a narcotics officer, Combs related that he wanted to "get" appellant because during processing narcotics intelligence for the last five years, appellant's name had been mentioned to him many times as being a dealer. Appellant challenges the scope of the search. He alleges it was a "full-blown search" rather than one limited to the items set out in the search warrant.

Appellant cites Arkansas Rule of Criminal Procedure 13.3(c) as the governing authority for conducting a search. Appellant asserts that under this rule, the scope of the search shall be such as is authorized by the warrant and is reasonably necessary to discover the persons or things specified therein. We agree with appellant that Rule 13.3(c) governs the scope of a search and, therefore, we set out below the latter portion of that rule not relied upon by appellant.

> Upon discovery of the persons or things so specified, the officer shall take possession or custody of them and search no further under authority of the warrant. If in the course of such search, the officer discovers things not specified in the warrant which he reasonably believes to be subject to seizure, he may also take possession of the things so discovered.

Arkansas Rule of Criminal Procedure 10.1(i) defines "reasonable belief" to mean a belief based on reasonable cause to believe. "Reasonable cause to believe" means a basis for belief in the existence of fact which, in view of the circumstances under purposes for which the standard is applied, is substantial, objective and sufficient to satisfy applicable constitutional standards. Ark. R. Crim. P. 10.1(h).

Here, although numerous items not listed on the warrant were seized, only evidence of the marijuana was used against appellant. Because appellant can show no prejudice with regard to any items seized except the marijuana, we understand his argument to be that the trial court erred in denying his motion to suppress the 21.8 pounds of marijuana found in his safe.

When this court reviews a trial court's ruling on a motion to suppress evidence, it makes an independent determination based upon the totality of the circumstances and reverses only if the trial court's ruling was clearly against the preponderance of the evidence. *Cook* v. *State*, 293 Ark. 103, 732 S.W.2d 462 (1987). A determination of preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony, and the court of appeals defers to the superior position of the trial court on those questions. *Phillips* v. *State*, 25 Ark. App. 102, 752 S.W.2d 301 (1988).

In this case, the officers were legally inside appellant's home pursuant to a search warrant. Under Rule 13.3(c), the officers were required to discontinue the search when the persons or things specified in the warrant were found. Therefore, although the search was lengthy, it was not unreasonable based upon the totality of the circumstances because the evidence reveals that the portable television listed on the warrant was never found. Additionally, the rule allows for further search outside the warrant if what transpires during the search gives the officers reasonable cause to believe that the items are subject to seizure.

Collectively, the undisputed testimony of Officers Jerry Smith, Jerry Jones, Rodney Combs, and Robert Hicks revealed that they were experienced officers trained to detect the odor of marijuana. Further, each officer testified that he smelled the odor of marijuana emanating from the safe found in the basement of appellant's home during the course of the search. Their testimony further reveals that after the odor of marijuana was detected, the safe was seized for subsequent search. The court stated that Officer Combs had little regard for the fourth amendment and recognized that if Combs had been in charge of the search, there was a likelihood that the searches would be declared improper. However, there is no indication that the court did not believe the numerous officers' testimony regarding smelling the marijuana

emanating from the safe.

 Deferring to the superior position of the trial court to assess the credibility of the officers' testimony, we find that based on the totality of the circumstances, the court's denial of appellant's motion to suppress the marijuana was not clearly against the preponderance of the evidence. Furthermore, even if the trial court disbelieved the officers' testimony that they smelled the marijuana, their actions would have been justified in any event since the safe was found while the officers were still conducting their search for the television and the television could have been concealed inside the safe. Therefore, the officers would have been justified in seizing an item that they suspected contained contraband. *See Arkansas* v. *Sanders*, 442 U.S. 753 (1979).

Secondly, appellant argues that the court erred in denying his pre-trial motion for scientific tests. Appellant contends that it was impossible for the police officers to have detected the smell of marijuana from within the safe as their testimony indicated. To affect the credibility and weight to be given the officers' testimony, appellant sought approval from the court to obtain at least two other identical safes, put the marijuana back in one of the safes in the condition in which it was found, leave it there for any time suggested by the state, and let one or more of the officers identify the safe in which the marijuana was located. The test was to be supervised by an independent party.

 With regard to this issue, the Arkansas Supreme Court stated in *Carr* v. *Suzuki Motor Co.*, 280 Ark. 1, 655 S.W.2d 364 (1983):

> It is well settled that when a test or experiment is an attempt to reenact the original happening, the essential elements of the experiment must be substantially similar to those existing at the time of the accident. *Hubbard* v. *McDonough Power Equipment*, 83 Ill. App. 3d 272, 404 N.E.2d 311 (1980); *Payne* v. *Greenberg Construction*, 130 Ariz. 338, 636 P.2d 116 (1981). We applied this same rule in *Dritt* v. *Morris*, 235 Ark. 40, 357 S.W.2d 13 (1962) where we held that although it was not necessary that conditions of an experiment be identical to those existing at the time of the occurrence, there must be a substantial

similarity, and the variation must not be likely to confuse and mislead the jury.

The trial judge has discretion in deciding evidentiary issues and his decision will not be reversed on appeal unless he has abused his discretion. *Baumeister* v. *City of Fort Smith*, 23 Ark. App. 102, 743 S.W.2d 396 (1988).

█ In denying appellant's motion, the court generally stated that it found all the officers' testimony credible regarding being able to detect the smell of marijuana. Additionally, discussion was had that the test proposed by appellant could not validly or substantially duplicate the condition as it existed in the basement of appellant's home on the night of the search. We cannot say that the trial court's failure to allow the proposed test was an abuse of discretion.

Affirmed.

COOPER, J., agrees.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I reluctantly concur in the decision of the court. I do so only because the search in question ultimately led to the seizure of a gun safe, which could have contained the television. It strains my credulity to conclude that the search of the appellant's home was reasonable under the circumstances. This particular search took place over a three-hour period with the participation of nine or ten police officers, who were ostensibly looking for three conspicuous items said to be located in the home. Although two of the items were found immediately, the police spent considerable time rummaging through cabinets, drawers and small containers in an attempt to discover the sole remaining item, a television, which could not possibly have been found in such places.

I am aware that some evidence found as a result of this search was not utilized, and that appellant has civil remedies that he can pursue, if he feels aggrieved by the circumstances surrounding the search. Yet, taken as a whole, given the extent of the search, the number of officers and the total man-hours involved, it is my view that this search violated the spirit of the Fourth Amendment. Rule 13.3(c) of the Arkansas Rules of

Criminal Procedure begins by stating "[t]he scope of the search shall be only such as is authorized by the warrant and is reasonably necessary to discover the persons or things specified therein." It becomes apparent, when other items were found in small containers or spaces that could not contain the television, that the search went beyond what is reasonably necessary to discover the things specified. In addition, I agree that the trial court is in a better position to assess the credibility of the officers' testimony regarding the smell of marijuana "emanating" from such a tightly-built safe. It does give me pause though to question the statements of some of the law enforcement personnel, when police officers state they can smell marijuana wrapped in 64 Ziploc plastic bags placed in grocery sacks from an air-tight, steel safe.

I feel that it is the duty of a reviewing court to ensure that the scope of searches is limited within reason, so as to not completely abridge the guarantees of the Fourth Amendment. I see no evidence in the record to disagree with the trial court's assessment of Officer Rodney Combs as having little regard for the Fourth Amendment; however, I am not convinced that the distinction made based on whether he was in charge of the search is controlling.

No matter how laudable the goals of law enforcement officers in combating crime, the Constitution should not be sacrificed in this pursuit, and officers should refrain from using excessive zeal to that end. I can understand the frustration of law enforcement officials and citizens, many of whom perceive the criminal justice system as being cumbersome and ineffective, but in our quest to effectuate the goals of the system, we must not allow our individual rights to be disregarded. For this reason, I would like to express that searches such as this should not be condoned in the future.