Tommie Elliott FREEMAN v. STATE of Arkansas

CA CR 90-169                        806 S.W.2d 12

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1991

*William C. McAuthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Tommie Elliott Freeman appeals from his conviction of possession of a controlled substance with intent to deliver for which he was sentenced to fifteen years in the Arkansas Department of Correction. He contends that the trial court erred in refusing to suppress evidence seized during a search of his dwelling. We find no error and affirm.

In April 1989, the Little Rock Police Department received information from the Texas State Highway Patrol indicating that Texas officers had seized a large quantity of marijuana in which they found a piece of paper bearing the name "Tommie" and a Little Rock telephone number. Officer Debra Gray of the Little Rock Police Department investigated the matter and developed information that the person referred to as "Tommie" was appellant, who was on parole from the Arkansas Department of Correction. Officer Gray contacted Jim Lovette, appellant's parole officer, and asked him to check appellant's parole status. The parole officer reviewed appellant's file and found that appellant had missed several office visits with his former parole officer, although he was not currently delinquent, and that there had been a number of telephone calls to appellant when he could not be reached. He also found that appellant was delinquent in the payment of fees, which was ordered as a condition of his parole.

The parole officer testified that, from "bits and pieces" reflected in appellant's file, he determined that the information he

had received from Officer Gray regarding appellant's possible involvement in drug trafficking was "probably valid" and that he would investigate further. He contacted Officer Gray and asked her to accompany him to appellant's residence because it was believed that a female shared appellant's dwelling with him and he thought there might be trouble. The parole officer testified that, based on the information he had discovered in appellant's file, he intended to arrest him for a parole violation.

The two officers went to appellant's residence and knocked on the door. When appellant opened the door, the officers detected a strong smell of marijuana and observed a partially smoked marijuana cigarette in an ashtray on the table. Notwithstanding appellant's request that they not enter the house, the officers did so and thereafter discovered a large quantity of marijuana in unsealed boxes in a bedroom. The trial court denied appellant's motion to suppress the evidence obtained as a result of the search of his residence. Appellant thereafter entered a conditional plea of guilty pursuant to Ark. R. Crim. P. 24.3(b), and this appeal follows.

Appellant contends that the trial court erred in denying his motion to suppress, arguing that the officers' warrantless entry into his residence was in violation of his fourth amendment right against unreasonable search and seizure. We do not agree.

When reviewing a trial court's ruling on a motion to suppress, this court makes an independent determination based on the totality of the circumstances. We give great weight to the findings of the trial court in the resolution of evidentiary conflicts and defer to its superior position in passing upon the credibility of witnesses. The decision of the trial court will not be reversed unless clearly erroneous. *Campbell* v. *State*, 27 Ark. App. 82, 766 S.W.2d 940 (1989); *Shamlin* v. *State*, 23 Ark. App. 39, 743 S.W.2d 1 (1988).

At the suppression hearing, it was shown that at the time of his parole, appellant had signed a form, acknowledging that he was subject to a warrantless search of his person or property under his control by a parole officer when the officer has reasonable grounds for investigating whether appellant was in violation of the terms of his parole or had committed a crime. In *Cherry* v. *State*, 302 Ark. 462, 791 S.W.2d 354 (1990), our

supreme court held that such "consent-in-advance" is not violative of any constitutional rights of the parolee because the supervision of parolees and probationers is a special need of the State, permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large. *See also Griffin* v. *Wisconsin,* 389 U.S. 686 (1989). The court held that, in determining whether the search was carried out under the terms of the consent, two issues must be addressed: (1) were there reasonable grounds to investigate whether the appellant had violated the terms of his parole, and (2) was the search conducted by the parole officer?

The term "reasonable grounds" has not been defined by our courts. However, in *Cherry* v. *State, supra,* the court held that this standard had been met on facts that were peculiarly similar to those here. In *Cherry,* the appellant's parole officer received information that the appellant had violated the terms of his parole by residing with another parolee, who was subject to the supervision of another parole officer. Both parole officers, accompanied by a police officer, went to the house where the two parties were said to be residing and, upon entering, discovered a number of firearms and evidence of marijuana use. After the appellant was placed under arrest, his parole officer obtained the assistance of the police officer, who opened appellant's vehicle with the use of a "slim-jim device." The parole officer then searched the vehicle and discovered a weapon, which became the basis of a first degree murder charge against the appellant.

■ Here, the condition of appellant's parole included that he pay certain monthly supervision fees, that he not have in his possession any narcotics except those prescribed by a licensed physician, and that he obey all federal and state laws. The parole officer had a right to inquire of appellant as to his compliance with these conditions. When appellant opened his door, the parole officer smelled the strong odor of marijuana and observed a partially smoked marijuana cigarette lying in plain view. We cannot conclude that the parole officer did not have reasonable grounds to investigate these violations.

■ Nor can we conclude that the search was not conducted by the parole officer. In *Cherry,* it was declared that a parole officer may enlist the aid of the police, and a police officer may act

at the direction of the parole officer without overreaching the scope of the search. *See also Griffin* v. *Wisconsin, supra.* Here, the parole officer asked Officer Gray to assist him in his investigation. Officer Gray testified that she was unaware of the authority of the parole officer to search appellant's residence without a warrant until she was asked to accompany the parole officer. The parole officer testified that he was the first person to discover the marijuana lying in an ashtray in the living room. He testified that both officers entered the bedroom where the quantity of contraband was discovered. We find no evidence that compels the conclusion that the parole officer was not conducting the investigation or that Officer Gray was doing more than assisting him.

From our review of the record, we cannot conclude from the totality of the circumstances that the trial court erred in denying appellant's motion to suppress.

Affirmed.

JENNINGS, and COOPER, JJ., agree.