Jackie S. WILLIAMS and Thomas L. Williams *v.* STATE of Arkansas

CA CR 95-484                                    918 S.W.2d 209

Court of Appeals of Arkansas
Division I
Opinion delivered March 27, 1996

*W.Q. Hall* and *Joanna P. Boyles,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellants Jackie S. Williams and Thomas L. Williams entered conditional pleas of guilty to the manufacture of marijuana, possession of a controlled substance, and possession of drug paraphernalia pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure. Both Mr. Williams and Mrs. Williams received two years' probation and were fined $2,000.00. They have filed a single appeal, in which they assert that the trial court erroneously refused to suppress the incriminating evidence that the police seized from their home. We find no error and affirm.

The evidence shows that Officer Earl Hyatt interviewed Alan Hudson after Mr. Hudson was arrested on July 8, 1992. Officer Hyatt testified that Mr. Hudson told him that he had been living

with Mr. Williams and that some marijuana plants were growing on the second floor of the residence. Based on this information, Officer Hyatt and Officer Archie Rousey proceeded to the Williams' home for observation. The officers stopped on the highway in front of their house and used binoculars to look through an upstairs window, but were unable to identify anything that resembled marijuana.

On the following morning, Officers Hyatt and Rousey returned to the highway in front of the Williams' property. They again attempted to locate contraband by looking into the upstairs window through binoculars. This time the officers were able to see a plant inside the window, but could not determine whether it was a marijuana plant. In order to get a closer look, the officers moved to what Officer Hyatt described as "a common driveway that appeared to be shared by three residences off Highway 412, including the Williams' residence." However, upon further observation from this location, they were still unable to identify the plant.

While on the "common driveway," Officer Hyatt noticed someone looking at him from another window of the Williams' residence. At this time, he decided to approach the house and attempt to speak with this person. Upon arriving at the front door, Officer Hyatt was met by the Williams' fifteen-year-old son, Patrick. He asked Patrick whether his parents were growing marijuana upstairs and Patrick replied that he did not know because he was not allowed to go there. The officers expressed doubt about this and again asked if Patrick was aware of any marijuana in the house. This time, Patrick looked down, nodded his head, and admitted that two or three marijuana plants were growing in the upstairs area of the house.

Based on the above information, Officer Rousey left to obtain a search warrant. Another officer was called to the scene while Officer Rousey was away, and he and Officer Hyatt watched over Patrick during this two-hour period. Officer Rousey testified that he was with Patrick on the porch, and that he followed him inside and sat beside him on the couch while Patrick watched television. Patrick would occasionally get up and go into the kitchen and get something to drink. Officer Hyatt followed and watched him on these occasions. Based on an affidavit prepared by Officer Rousey, Officer Rousey obtained a search warrant, and upon returning to the Williams' home a search was executed. During the search, the

officers seized four marijuana plants, a pipe, and some poppies believed to belong to the opiate family.

For reversal, the appellants argue that the incriminating evidence was seized pursuant to an unreasonable search and that it should have been suppressed. The appellants specifically contend that it was unreasonable for the officers to look through the upstairs window with binoculars; that the officers' warrantless search of the house was not justified; and that the officers' entry into the house was unlawful. The appellants further assert that the search warrant was based on illegally obtained information, and thus all items seized were inadmissible as the fruits of a poisonous tree.

■ When this court reviews a trial court's ruling on a motion to suppress evidence, we make an independent determination based on the totality of the circumstances. *Freeman* v. *State*, 34 Ark. App. 63, 806 S.W.2d 12 (1991). We will reverse a trial court in this regard only if the ruling was clearly erroneous. *Id.*

■ Initially, we find that any asserted impropriety regarding the officers' use of binoculars has not been preserved for our review. This is because, at the suppression hearing, the appellants never raised this issue as a ground on which to suppress the evidence. It is well established that we will not address arguments raised for the first time on appeal. *Oliver* v. *State*, 322 Ark. 8, 907 S.W.2d 706 (1995). The appellants contend that this issue was raised before the trial court, but in light of our review of the record we cannot agree. The appellants also assert that it was not necessary to raise this argument in the trial court because, as our supreme court stated in *Scroggins* v. *State*, 276 Ark. 177, 633 S.W.2d 33 (1982), "it is elementary that the State must prove that a warrantless intrusion. . .was not in violation of the Fourth Amendment." Even in light of the above standard we believe that, in order to preserve its argument for review, the appellants were required at least to inform the trial court of its contention that the officers' use of the binoculars constituted a search or intrusion.

■ We next address the appellants' assertion that the officers conducted an unlawful search when they entered the Williams' home to keep Patrick under observation and ensure that no evidence was destroyed. We hold that, even if the officers' entry into the home was without consent, this would not warrant suppression of any evidence because the officers never conducted any search or

discovered any contraband until Officer Rousey returned with the search warrant and a search was conducted pursuant to the warrant. Probable cause for the issuance of the search warrant was premised on evidence obtained prior to the officers' entry into the home, and thus the entry was wholly unrelated to information upon which the search was based. *See Segura* v. *United State*, 468 U.S. 796 (1984). The appellants have failed to demonstrate that any harm resulted from the officers' warrantless entry, and we find that the trial court did not err in refusing to suppress evidence on this basis.

■ From our review of the record, we hold that the police officers in the instant case acted lawfully with regard to all remaining aspects of the search in question. The appellants concede in their brief that the officers had the right to enter the common driveway in front of the house. After doing so, the officers noticed someone looking at them through a window, and met this person at the front door. Upon discovering that he was the Williams' son, the police informed him that they had information regarding illegal activities at the house, and Patrick admitted as much. We cannot find that these steps taken by the police were unreasonable.

■ Once Officer Hyatt obtained the incriminating admission from Patrick, Officer Rousey used this information, along with the accusation by Mr. Hudson and the officers' observation of the plants, in order to obtain a search warrant. The above information constituted probable cause to support the warrant, and thus the warrant was properly issued and executed.

■ We find that the trial court's failure to suppress the contested evidence was not clearly against the preponderance of the evidence. Therefore, we affirm.

Affirmed.

COOPER and STROUD, JJ., agree.